FORD, Admx. v. PAPCKE.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7534. Decided June 6, 1927.

1066. SCINTILLA RULE—Error to direct verdict against plaintiff where, by giving evidence most favorable interpretation which any of evidence will reasonably permit, there is some evidence tending to support his allegation.

Error to Common Plas.
Judgment reversed.

Melville W. Vickery, Cleveland, for Ford.
Boyd, Cannon, Brooks & Wickham, Cleveland, for Papcke.

SULLIVAN, PJ.

This is a proceeding in error from the Court of Common Pleas of Cuyahoga County, and the sole question is whether the court committed prejudicial error in sustaining a motion to direct a verdict for the defendant, on the ground that there was not a scintilla of evidence tending to support the doctrine of respondeat superior. The basis of the action is a suit for personal injuries growing out of an automobile collision occurring March 21, 1922, when Sylvester Ford, decedent of plaintiff in error Bessie Ford, Administratrix, was driving a car belonging to his wife, while she herself, as well as their young child, was riding in the car.

Testimony was offered and it remained unchallenged in the record, that they left the wife's farm in Rootstown, Ohio, to come to Cleveland, and among the purposes of the trip was that the wife might come to her Euclid Avenue residence; that a certain spraying machine might be purchased to be used on the farm in Rootstown, Ohio, owned by the wife as well as other farms in the vicinity owned by the husband. There was also some evidence that, when they started for the City, some eggs were in the car.

Thus the question to be determined is whether there is a scintilla of evidence in the record bearing upon the question as to whether the husband was acting as the agent or servant of the wife while driving the car, or, in other words, whether there is a scintilla of evidence to support the doctrine of respondeat superior. It is necessary for us to keep in mind the meaning of the word "scintilla" as applied to evidence, because we are not examining the question as to whether there is a preponderance of evidence, sufficiency of evidence, credible evidence or even some evidence, because a scintilla of evidence is different in character and significance than any of these conditions named.

In Cunningham v. Union Fac. Ry. Co., 7 Pac. 795, 4 Utah, 206, a scintilla of evidence is defined as a spark.

In Webster and other similar authorities we find, among other definitions, that it means a trifle, and, in some of the authorities, it is held to mean a mere trifle.

A reviewing court in Ohio is compelled to make a microscopic journey through the record, in order to determine the existence or the nonexistence of what may be called a mere trifle of evidence bearing upon the point at issue in the record. Whether we find it depends upon the keenness of our judicial eyesight as well as our sagacity in being able to apprehend it when once discovered, but it is our duty to do so because the Supreme Court of Ohio has established the validity of the scintilla rule, and courts of inferior jurisdiction, regardless of their own opinion with respect to it, are bound by the fact that the doctrine is settled in this State, and we are bound to follow the rule of the Supreme Court in the manner and method of determining, from the record under review, whether there is a scintilla of evidence that would entitle the pleader to a recovery.

In Pope, Admr. v. Mudge, et, 108 OS. 192, the court held:

"It is error for the Court to direct a verdict against the plaintiff where, by giving to the evidence the most favorable interpretation toward him which any of the evidence will reasonably warrant, there is some evidence tending to support the allegations of the plaintiff."

According to this authority, it is the duty of the reviewing court, if doubt should prevail as to the existence in the record as to a scintilla

of evidence that such must be resolved in favor of the party who would be injured by the absence of a scintilla of evidence, because the holding is that it is error to direct a verdict against the plaintiff, if, by giving to the evidence the most favorable interpretation which any of the evidence will reasonably warrant, there would be a scintilla of evidence to support the claim of the plaintiff, or some evidence tending in that direction.

Again, one is impressed with the duty resting upon a reviewing court that the search of the record must not only be minute and reach to every corner of the record, but if an atom of evidence is found, that it must be viewed most favorably to him who contends that it exists.

There is positive and circumstantial evidence, and this mere trifle of evidence may be a mere circumstance, or it may be an inference, or a deduction that exists in the record flowing from any situation in the record of the case. Thus, at every turn, it is manifest that we have a duty totally different than the comparatively easy and normal judicial obligations of asserting whether there is a preponderance of evidence, credible evidence, or some evidence of a substantive nature, to support the claim of the party seeking to show its existence. Thus, it is apparent that all authorities cited in states whose courts are not bound by the scintilla rule, have no application to the case at bar.

Now in the instant case, bearing in mind the character of the inquiry as above stated, we learn that the automobile was owned by the wife, who was an occupant of the car prior to, and at the time of the accident. Keeping in mind that the scintilla rule is a mere trifle, it would not be doing violence to reason to say that the occupancy of the machine by the owner at the time of the accident, when driven by another is a mere trifle, gleam, or glimmer of evidence, by way of interference at least, on account of the relationship of owner and driver, of evidence of respondeat superior. In the instant case it is unnecessary to hold the view that the mere presence of the owner is sufficient to establish agency or the relation of master and servant, because there are other elements in the case which make it unnecessary to base our findings upon that fact alone. There are other facts, and among them are the situations created by starting from the Rootstown farm owned by the wife, on an errand in behalf of the wife, to wit, to go to her home on Euclid Avenue, and the purchase by the husband for the use of the wife's farm, as well as others, a spraying machine; and the existence of the eggs in the machine, which latter fact leaves the inference that the eggs came from the farm of the wife in Rootstown, Ohio, and were on their way to market for the owner of the farm.

The fact that the husband had errands of his own does not dispose of that status in the case which shows that his wife also had had objects and purposes in making the trip, as above noted, and even if their errands were in common, what the driver was doing for the owner, separable from what he was doing for himself, would certainly be at least a mere trifle, or a gleam of evidence touching upon the doctrine of respondeat superior, and therefore the existence of a scintilla of evidence.

Holding these views, the judgment of the lower court is hereby reversed and the cause is remanded for further proceedings according to law.

(Levine, J., concurs. Vickery, J., not sitting.)