## RILEY v SPERAW

Ohio Appeals, 5th Dist, Muskingum Co

Decided Dec 3, 1931

Perry Smith, Zanesville, and Graham & Graham, Zanesville, for plaintiff in error.
Carnes & Campbell and Clarence J. Crossland, Zanesville, for defendant in error.

SHERICK, PJ.

The petition in error sets forth several grounds of error, but only one of them is now urged, that being whether the defendant's daughter was her father's agent at the time of the accident. It is claimed that the plaintiff having failed to prove that the daughter was the agent or servant of the father, the court should have sustained the defendant's repeated motions for a directed verdict and his motion for a new trial.

Counsel for plaintiff in error correctly stress the point that the family purpose doctrine has been repudiated in this state. **Elms v Flick, 100 Oh St, 186, 126 NE, 66**, and **Bretzfelder v Demaree, 102 Oh St, 105, 130 NE, 505**, expressly so hold. In the Elms case the court dealt with a state of facts involving an owner's liability when his car was being driven by an adult son, and the father was not present. In the Bretzfelder case, a wife was driving her husband's car unaccompanied by him. By these decisions the liability of the owner of an automobile for damages caused by its negligent operation while in the hands of a third party has been placed entirely upon the basis of respondeat superior.

In a later consideration of this doctrine, the court, in **Elliott v Harding, 107 Oh St, 501, 140 NE, 338, 36 A. L. R., 1128**, considered a different state of facts. In that case, a father, the owner of a car, was charged with negligence in intrusting his automobile to his minor son, unaccustomed to its use, for purposes wholly apart from the father's business, and in that case the owner did not accompany his son. The court held that in such case the father was liable, not upon the theory of ownership or agency, but upon the combined negligence of the father in intrusting his car to an incompetent driver and the negligence of the son in its operation.

One pertinent sentence pertaining to the doctrine of respondeat superior in the Elliott v Harding opinion, appearing on page 505 of 107 Oh St, 140 NE, 339, 36 A. L. R., 1128, thereof, is worthy of exceptional consideration. It is the following: "This court is not, however, committed to the doctrine that liability can only be based upon that principle." And we further commend the reason thereafter appearing. A diligent search does not disclose that our Supreme Court has ever entertained or considered a like situation to the one here presented. We therefore feel at liberty to indulge our own idea as to the law applicable to this case.

It seems well at this point that we consider the case of **Ford, Admrx v Papcke, 26 Oh Ap, 225, 158 NE, 558, (5 Abs 715)**. In that case, a wife, the owner of the car, was sought to be charged with the negligence of her husband, he being the driver thereof at the time of the accident, and the wife being an occupant thereof. Facts were developed in that case to the effect that the husband and wife were in part engaged upon her business. The court in that instance sustained a motion for a directed verdict, and the Court of Appeals reversed the lower court on the application of the scintilla rule holding that it was the province of the jury to determine if the facts produced established agency. Judge Sullivan, recognizing that it was perhaps obiter, nevertheless made the following comment, at page 230 of 26 Oh Ap, 158 NE, 559: "And yet, the above analysis as to the meaning of a scintilla of evidence might establish the doctrine of respondeat superior, because there is an inference, from the relationship and the presence of the owner during the operation of the car, equivalent to a mere trifle or glimmer of evidence." If that court was correct in that relationship, and presence created an inference, then under the scintilla rule as recognized by our Supreme Court the trial court in the case at bar rightly overruled the motions for a directed verdict.

The court in the Ford case, supra, quotes with approval from **Powell v Newman, 14 Oh Ap, 479, 484**, the following paragraph, which has a bearing on the present issue: "It may happen, of course, on occasion, that a motor car or other vehicle is operated by a person between whom and the owner there is no actual contract relation of employment, as, for instance, when the car is being driven by a friend upon invitation or by permission. In such case, if the owner is present, the principle of control would govern and the law would imply an agency upon the part of the operator, which would render the owner liable for his acts

upon the doctrine of respondeat superior."

The question presented by the facts in this case is further involved by the invocation by defendant in error of the rule in **Bloom v Leech, Admr, 120 Oh St, 239, 166 NE, 137.** In other words, it is claimed that the father and daughter were engaged in a joint enterprise and hence the negligence of the daughter may be imputed to the father. We express a doubt as to the applicability of this rule to the present facts, or, rather, the lack thereof, in that it is not shown that the owner attempted to assist or control the daughter in the management and operation of the car, which under the Bloom case seems to be held as all-important, and which this court has previously recognized in **Bailey v Parker, 34 Oh Ap, 207, 170 NE, 607.**

We believe that the proper theory upon which to determine this cause rests upon the recognition of what to our notion is a reasonable and common-sense presumption; that is, proof of the fact that the daughter was the agent of her father, the owner of the car. This theory of this case is recognized by the plaintiff in error and by the trial court in giving a special charge to the jury on the matter of agency after the jury was charged generally.

It is said in Berry on Automobiles (6th Ed.), vol. 2, §1356, that: "The fact that the owner of an automobile is riding in it apparently acquiescing in its operation justifies the inference that the driver is his agent." The case of Hammond v Hazard, 40 Cal. App., 45, 180 P., 46, recognizes this as sound law. Brucker v Gambaro, (Mo. Sup.), 9 SW (2d), 918; Louisville Lozier Co. v Sallee, 167 Ky., 499, 180 SW, 841; and Roland v Anderson, (Mo. App.), 282 SW, 752, subscribe to this view. We find that Zeeb v Bahnmaier, 103 Kan., 599, 176 P., 326, 2 A. L. R., 883, and Hartley v Miller, 165 Mich., 115, 130 NW, 336, 33 L. R. A. (N. S.), 81, are, however, opposed to this theory.

Turning to Huddy's Encyclopedia of Automobile Law (9th Ed.), vols. 7 and 8 §128, page 334, it is said: "Though the mere family relationship existing between the owner of a motor vehicle and a member of his family who is driving the same is not sufficient to render the owner responsible for the negligent conduct of such relative, it is clear that, if the relationship of principal and agent or master and servant exists between them as to the driving of the machine on the occasion in question, the owner may be liable. That is to say, a relative may be a servant of the owner in a particular transaction with similar legal effect as if he were a paid chauffeur. This is generally the result when the owner is riding in the machine at the time of the transaction in question." And, further, the same authority says in the same volumes, in §92, at page 243, that: "When the owner is riding in the machine at the time of the commission of the negligent act in question, the courts ordinarily have no difficulty in holding as a matter of law that the driver or chauffeur was acting within the scope of his master's business." A number of authorities are there cited, including Laudenberger v Easton Transit Co., 261 Pa., 288, 104 A., 588, holding that there is a strong presumpton that an owner riding in his own car has the control of its operation.

We of course recognize that such a presumption may be overcome by facts, per example, that the owner is being transported against his will, or is unconscious, or has hired his machine to a lessee and is not then entitled to exercise control over its operation. But when the owner of a car permits another to drive it, he being a passenger therein, it seems but just to assume that he thereby creates the driver his agent. He places the driver in control of a machine that is not inherently dangerous but is such an instrumentality as may injure another if it is improperly operated. He relies upon his driver's judgment, he satisfies his guest's desire to drive, he relieves himself of the responsibility and effort of driving, and although his driver receives no money profit we hold that the driver is nevertheless his agent, for if the act embraces any benefit to the owner, the driver is upon his principal's business. To hold otherwise would seem to us to be the establishment of a dangerous rule that would enable an unscrupulous owner to avoid liability. If an owner is displeased with the driving of his selected or permitted chauffeur, he may at once take control of his car out of the hands of him to whom he has delegated control.

It may be suggested that one is not responsible for the tort of his child or another; surely this is true but this rule can have no application when one's accepted agent commits an act of negligence that injures another when he is upon his master's business and in his presence and under his control.

Considering now the facts in this case, it seems clear that the owner was gratifying his daughter's desire to drive his car. He sits in the seat with her and permits her to drive to the place of her present abode. He would return her gratuitiously to the hospital. He relieves himself from the effort and responsibility of driving, and thereby derives some benefit. The fact is he accompanied his daughter not only to drive

the car back, but to satisfy his desire to do his daughter a service which was not only a pleasure, but also of profit to him. We therefore hold that by this permissive use and the ends to be accomplished he made his driver his agent, and that he is liable for her negligent act.

The question of agency was one of fact, aided by the inference and presumption of the owner's presence and control, and was correctly submitted to the jury; and there being no attempt made or evidence offered to dispel the presumption created, we are unable to say that there is no evidence to support the judgment and that the motion for a new trial was improperly overruled. The judgment will therefore be affirmed.

LEMERT and MONTGOMERY, JJ, concur.