### HILLER et v SHAW

Ohio Appeals, 5th Dist, Tuscarawas Co

Decided Dec 29, 1932

172

Stevens & Baker, for plaintiffs in error.
Bowers & Bowers, New Philadelphia, for defendant in error.

## OPINION

By SHERICK, J.

The defendant in error having deliberately chosen the theory upon which he sought to hold the husband liable for his wife's negligence, and having adhered strictly to that view throughout the trial, even to the extent of objection to defense testimony offered as to whether or not the husband exercised any control, or right of control, of his automobile at the time, makes us now indisposed to consider any other theory of responsibility under the pleadings, even if it were within our power, as it is not, to permit amendment, or consider the basing of liability of the husband upon any other ground.

Examination of this record discloses that the meager testimony in this case upon which it is sought to charge the husband with liability is the sole fact that it was his car, that he was present, and that its negligent driver was his wife. Having in mind that agency and **respondeat superior** are not pleaded, or the wife's inexperience relied upon, and having in mind that the family purpose doctrine is not recognized in this state, we reach the conclusion that these motions should have been sustained. It is settled in this state, in **Bloom v Leech, Admr., 120 Oh St, 239, 166 NE, 137,** and by this court recognized and followed in **Bailey v Parker, 34 Oh Ap, 207, 170 NE, 607,** that: "A 'joint enterprise' within the law of imputed negligence is the joint prosecution of a common purpose under such circumstances that each member of such enter-

prise has the authority to act for all in respect to the control of the agencies employed to execute such common purpose."

It may be argued that the husband might have taken control of his car at any time. The fact is, however, that he did not have control of it at the time of the collision. As said in the Bloom case, supra, at page 243, "the test in determining the question is whether the parties were **jointly** operating or **controlling** the movements of the vehicle in which they were riding," and not in that there exists between them a common enterprise of riding together on a pleasure ride.

In **N. Y., C. & St. L. Rd. Co. v Kistler,** 66 Oh St, 326, 64 NE, 130, we have a case where a deaf father took along his daughter to hear for him. The court held that inasmuch as she was his ears, and assisted in the looking, that they were engaged in a joint enterprise, for she was in part in control, or had the right to control in certain emergencies. She was actively participating in the operation of the conveyance. The evidence in the case before us is conclusive, in that the husband was exercising no control or right of control over the car's movement at the time. Had he been assisting his wife in any manner in the car's operation it would have been a joint adventure; but the mere fact of presence is not a right of control; if such were true one might be asleep and be said to be in control of a moving agency then being exclusively operated by another.

Under the state of the pleadings the proven facts that the plaintiffs in error were husband and wife, and that she was driving his car with him present beside her, are not sufficient to establish joint enterprise, or warrant invocation of the rule of imputed negligence, which is ordinarily inapplicable in this state. The situation is not aided by the existing relationship for the like reason that the family purpose doctrine does not prevail in this jurisdiction.

This court had recent occasion, in **Riley v Speraw, 42 Oh Ap, 207,** 181 NE, 915, (12 Abs 421), to review a like situation, in which we reached a different conclusion. We regret the present necessity of a seemingly contrary holding, and rest our present judgment on the issues made by the pleadings and the unfortunate theory adopted as a basis for the husband's responsibility.

We would now consider the errors claimed by the wife as to why the judgment against her should be reversed, and to that end an understanding should be had of her separate answer. She admits the facts upon which the plaintiff below predicates "joint enterprise," save negligence on her part, which she generally denies. She alleges as affirmative defenses excessive speed, defective vision, and sole negligence of the defendant in error by reason thereof.

It is claimed that the trial court erred in the rejection of evidence. Upon cross-examination of the defendant in error, this question was asked, "Have you ever had any other automobile accidents except this one?" An objection was interposed thereto, and was sustained. An exception was then noted. To our notion this question was proper. This was cross-examination. It might have led to proof that the plaintiff's admitted impaired vision had caused prior accidents of like kind, from which it might be reasonably inferred that this collision was all or in part due to the same cause. The jury had a right under the defense made to weigh any such probability and indulge any reasonable inference therefrom. We are able to conjecture situations where it might be negligence for one of impaired vision to drive an automobile at any time.

It is also charged that the court improperly permitted much testimony to go to the jury under objection; that is, that the defendant husband said at and after the accident: "My wife lost her head," "we are responsible for the accident," "we will pay all damages," and the like.

Early in the trial of the case we note the court's remark: "I want the jury to understand at this point whatever Mr. Hiller said would bind him, but it wouldn't bind his wife unless you further find they were engaged in a 'joint enterprise'."

Thus, early in the trial, the court recognized that what the husband may have said while his wife was unconscious could not be binding as against her if there was no "joint enterprise" proven. The evidence complained of was repeated by many witnesses. It was not thereafter withdrawn from the jury's consideration. And the jury was charged that "joint enterprise" was an issue in the case. Holding to the view hereinbefore expressed that a "joint enterprise" was not proven in this case, we must and do conclude that the admission of this testimony as against the wife was highly prejudicial and erroneous.

The defendant in error points out that no exception was taken to the charge of the court, and that hence this cause cannot be reversed on a question of law therein appearing, though the same be erroneous.

In answer thereto we remark that the overruling of the motion for a new trial is assigned as error, and that all of the evidence offered at trial, together with the charge of the court, is properly brought before us by the bill of exceptions. Such being true, **Baker v Pendergast, 32 Oh St, 494,** 30 Am. Rep., 620, is apropos. The third syllabus recites: "Where the overruling of a motion for a new trial is assigned for error, and all the evidence offered on the trial, together with the charge of the court, is properly brought up by bill of exceptions, a reviewing court will, in connection with the evidence, look to the charge of the court, whether excepted to or not; and if there is reason to believe that the verdict was the result of erroneous instructions, will reverse the judgment and award a new trial."

We do not find that this authority has ever been modified by the Supreme Court. We find it recently approved of in **Ohio Power Co. v Fittro, Admrx, 36 Oh Ap, 186,** 173 NE, 33, (8 Abs 617). We therefore follow it, and conclude that the charge was erroneous in that it made joint enterprise an issue in this case. The verdict no doubt in great part was a result thereof, and for the reasons assigned the judgment is reversed and the cause remanded.

Judgment reversed and cause remanded.

GARVER, PJ, and LEMERT, J, concur.