### FULK v LORENZONI

Ohio Appeals, 5th Dist, Tuscarawas Co

Decided April 14, 1938

### OPINION

By LEMERT, J.

This is an appeal on questions of law. Appellant was defendant and appellee was plaintiff below. For convenience they will be referred to as they stood in the trial court.

Plaintiff's action was one in which he sought to recover from the defendant damages for personal injuries alleged to have been sustained by the plaintiff and for injury to his automobile. At the time of the collision plaintiff was riding in the automobile which was being driven by his wife. The evidence in the record shows that the plaintiff could not operate an automobile, and that when he wanted to ride in it, it was necessary for some one else to drive it for him and the driving was usually done by his wife. On the evening of the accident plaintiff, his wife, one or more of their children, and a friend's child, had been to a movie. They were on their way home and went out of their way slightly in order to return the friend's child to her home.

The issues were made up in the court below by the plaintiff's petition, the answer and cross-petition of the defendant, and plaintiff's reply. In the cross-petition the defendant sought damages from the plaintiff on account of the alleged negligence of his wife in the operation of the car. There was a specific allegation that the wife was acting as the plaintiff's agent at the time.

At the close of all the evidence in the case the plaintiff moved for a dismissal of the defendant's cross-petition on two grounds: 1. That no negligence was shown on the part of the wife. 2. There was no agency shown between the husband and wife. The court sustained plaintiff's motion on the authority of the case of **Hiller v Shaw,** decided by this Court of Appeals and reported in **45 Oh Ap,** at page **303 (15 Abs 171).** Thereafter the cause was submitted to the jury on the issues between the plaintiff and defendant, as made up by the plaintiff's petition and defendant's answer thereto and plaintiff's reply. On these issues the jury disagreed and was discharged. The appellant claims that the court erred in sustaining plaintiff's motion to dismiss defendant's cross-petition.

Examination of the record discloses that upon the 25th of July, 1936, the plaintiff, John Fulk was a passenger in an automobile owned by him and being driven by his wife northward on Wooster avenue in the city of Dover, Ohio, and that a collision occurred between said automobile and the car belonging to the appellant, Louis Lorenzoni. The defendant, Louis

Lorenzoni, filed an answer and cross-petition alleging negligence on the part of John Fulk, the owner of the car, which cross-petition was amended at the time of trial in such a manner as to allege the existence of agency between John Fulk and his wife, the driver of the car. The only evidence in the record offered upon the question of agency at the time of trial was the testimony of John Fulk and his wife, from which the following facts developed:

1. John Fulk was the owner of the car in which he was riding.

2. That John Fulk had never driven said automobile and that the same since its purchase had been driven and used exclusively by his wife.

3. That upon the night in question, Mrs. Fulk, without consulting her husband, John Fulk, the appellee, determined to take a daughter and another child to the picture show in Dover, and that immediately before starting for said picture show she requested her husband to accompany her, and he agreed to do so; that after said picture show was concluded Mrs. Fulk, driving the car, proceeded northward on Wooster avenue to the point of collision.

4. That at no time previous to said collision, nor at the time of said collision, did John Fulk attempt to or exercise any direction over the operation of said automobile.

5. The evidence shows conclusively that this car upon the evening in question would have been driven the same course and perhaps in the same manner had John Fulk remained at his home and had not accompanied his wife.

The record further discloses, by Mrs. Fulk's testimony, that the automobile belonged to her and was purchased for her by her husband, although he retained title in his name.

So that the question of imputed negligence arises, and we find that that doctrine in Ohio has been well settled by the case of **Bloom v Leach, Administrator, 120 Oh St 239;** and it is also the recognized law of Ohio that the family relation doctrine is not recognized in ▮▮▮ Ohio. The only liability for which a relative and owner of an automobile is responsible is that existing from the doctrine of agency. **Elliot v Harding, 107 Oh St 501; Hiller v Shaw, 45 Oh Ap 303, (15 Abs 171.)**

At the conclusion of all the evidence in the case the question presented to the court was: Is there sufficient proof or evidence upon the question of agency to allow said cross-petition to be presented to the jury?

As above quoted, the only circumstances that might be construed as evidence of agency are:

1. The ownership of the car by John Fulk.

2. His presence in the car.

Whatever weight such circumstances standing alone might have been entitled to was entirely destroyed by the substantive testimony of John Fulk and his wife.

The evidence clearly shows that the husband never drove the automobile in question: that at the time of the collision the wife was driving and that she ▮▮▮ was driving it along the route which she herself selected. There is no evidence that John Fulk, the appellee, attempted to direct her in any way in reference to how she should drive the car.

It follows that we find no error in this record and the judgment of the Common Pleas Court and the same is hereby affirmed.

**MONTGOMERY, PJ, and SHERICK, J,** concur.