**BOARD OF EDUCATION OF THE ADDYSTON VILLAGE SCHOOL DISTRICT, Appellee v NOLTE TILLAR BROS. CONSTRUCTION COMPANY, INC., and NEW AMSTERDAM CASUALTY CO., Appellants.**

Ohio Appeals, 1st District, Hamilton County.

No. 6190. Decided January 25th, 1943.

Roy L. Struble, Cincinnati, and John J. Cooney, Cincinnati, for appellee.

Francis T. Bartlett, Cincinnati, for Nolte Tillar Bros. Construction Company, Inc.

August A. Rendigs, Jr., Cincinnati, for New Amsterdam Casualty Company.

## OPINION

By ROSS, J.

This is an appeal on questions of law from a final order of the Court of Common Pleas of Hamilton county, overruling a motion of defendants for judgment non obstante veredicto. The defendants' motion for new trial was granted.

The amended petition briefly sets forth the existence of a contract, by which the defendant Construction Company agreed to erect a public school building for the plaintiff. that the defendant Bonding Company executed a bond covering faithful performance of such contract, that the defendant Construction Company breached said contract in failing to construct the building in such a manner as to be weather-proof as provided for in the plans and specifications adopted by the parties.

The answer was in effect a general denial. There was no reply.

No demurrer was filed to the petition.

The following quotations from the record are pertinent:

"Q. This weather struck joint you first talked about, isn't that a joint made by a mason's trowel, so that it slopes from a

point underneath the upper brick to the upper edge of the lower brick?

A. That's right.

Q. In the alternate proposal which you selected you changed from this type of joint to that type of joint?

A. Yes.

Q. And after the school building walls were found to leak did you and the brick contractor on this job, or rather, Mr. Herman Tillar, pay a visit to the Sayler Park School you built nine years ago?

A. Yes, we did.

Q. And in the Sayler Park School did you not use a weather struck joint?

A. I don't think so, I don't think we did.

Q. Do you recall saying to Mr. Herman Tillar, as you looked at the Sayler Park School, after the Addyston School started to leak, that you wished you had put in the weather struck joint rather than the rounded point?

A. No sir.

Q. You don't remember saying that?

A. No sir. We use both types of joints all the time and we don't have leaky walls, either."

* * * *

"Q. Did they ask for your opinion?

A. Ask our opinion on what?

Q. As to the cause of the leaky walls?

A. Yes, they did.

Q. And you gave them the same opinion that you gave here?

A. Yes. I still think it is because the joints have not been filled up.

Q. And that is the only cause that you assign?

A. That is my opinion, the joints have not been filled.

Q. That is your opinion?

A. Yes, I gave that as my opinion."

The defendants presented two special charges to the Court, as follows:

"Members of the Jury, I charge you that if you find that the contractor used the materials specified in the contract and erected the brick walls in the manner provided for in the contract you need go no further in considering any of the other questions in this case and your verdict must be for the defendants."

"Members of the Jury, I charge you that before the plaintiff can recover in this case, the plaintiff must prove, by a preponderance of the evidence, that the contractor failed to use the materials specified or failed to erect the brick walls with the workmanship specified."

Among the clauses in the contract which is attached to the bill of exceptions appears the following:

"ARTICLE 6. THE CONTRACT DOCUMENTS. The General Conditions of the Contract; the Specifications and the Drawings, together with this Agreement, form the Contract, and they are as fully a part of the Contract as if hereto attached or herein repeated. The following is an enumeration of the Specifications and Drawings:"

In the documents styled "The General Conditions of the Contract for the Construction of Buildings" thus incorporated in the contract appears the following clauses:

"Art. 20. Correction of Work after final payment. Neither the final certificate nor payment nor any provision in the Contract Documents shall relieve the Contractor of responsibility for faulty materials or workmanship and, unless otherwise specified, he shall remedy any defects due thereto and pay for any damage to other work resulting therefrom, which shall appear within a period of one year from the date of substantial completion. The Owner shall give notice of observed defects with reasonable promptness. All questions arising under this article shall be decided by the Architect subject to arbitration."

"Art. 31. Damages. If either party to this Contract should suffer damage in any manner because of any wrongful act or neglect of the other party or of anyone employed by him, then he shall be reimbursed by the other party for such damage.

"Claims under this clause shall be made in writing to the party liable within a reasonable time at the first observance of such damage and not later than the time of final payment, except as expressly stipulated otherwise in the case of faulty work or materials, and shall be adjusted by agreement or arbitration."

"Art. 36 * * * *

"The Contractor agrees that he is as fully responsible to the Owner for the acts and omissions of his subcontractors and of persons either directly or indirectly employed by them, as he is for the acts and omissions of persons directly employed by him."

"Art. 39. Architect's Decisions. The Architect shall, within a reasonable time, make decisions on all claims of the Owner or Contractor and on all other matters relating to the execution and progress of the work or the interpretation of the Contract Documents.

"The Architect's decisions, in matters relating to artistic effect, shall be final, if within the terms of the Contract Documents.

"Except as above or as otherwise expressly provided in the Contract Documents, all the Architect's decisions are subject to arbitration."

"Art. 40. Arbitration. All questions subject to arbitration under this Contract shall be submitted to arbitration at the choice of either party to the dispute."

\* \* \* \* \*

"The demand for arbitration shall be filed in writing with the Architect, in the case of an appeal from his decision, within ten days of its receipt and in any other case within a reasonable time after cause thereof and in no case later than the time of final payment, except as otherwise expressly stipulated in the Contract. If the Architect fails to make a decision within a reasonable time, an appeal to arbitration may be taken as if his decision had been rendered against the party appealing.

\* \* \* \*

"In the event of such statutes providing on any matter covered by this article otherwise than as hereinbefore specified, the method of procedure throughout and the legal effect of the award shall be wholly in accordance with the said statutes, it being intended hereby to lay down a principle of action to be followed, leaving its local application to be adapted to the legal requirements of the jurisdiction having authority over the arbitration."

Nowhere in the pleadings is there any reference to notice to the contractor of defect or to a decision by the architect communicated to the contractor, or any appeal from such decision, or any request for arbitration by either party.

The evidence fails to show otherwise than as indicated above from quotations from the bill of exceptions, when the defects occurred, notice to the contractor thereof, when the decision of the architect was made adverse to the interests of the defendant contractor, or that such decision was communicated to him, or that there was any hearing before the architect or request by either party for arbitration.

The petition sets forth that the defendant contractor failed to perform his contract and construct the building in a workmanlike manner. The evidence of plaintiff is devoted to showing he did not properly construct the building, the evidence of the defendant to show that the defects in the building were due to design and specifications and not to faulty work. None of the questions now raised as to decision of the architect, notice and arbitration appear to have been raised either by the pleadings or evidence except as noted hereinbefore.

**Sections 12148-1** to **12148-17 GC,** provide for settlement of disputes arising out of contracts, by arbitration, where the parties to such contracts have, in a written contract, agreed upon such proceeding as a method of securing an adjudication of their legal rights. This act was effective July 29th, 1931, and its terms are applicable to the facts herein involved. **Section 12148-2 GC,** provides:

"If any suit or proceeding be brought upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceedings is referable to arbitration under such an agreement, shall on application of one of the

parties, stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

No such application has been made by the defendant contractor.

It is true as before stated that it is not alleged in the amended petition when the defects appeared in the building, nor is it alleged that any notice of such defects to the contractor was ever given by the owner or any one else.

The evidence upon the question of notice is, to say the least, nebulous. There is no definite evidence that such notice was ever given.

It is claimed that upon argument of the motion non obstante veredicto that the matter of notice and arbitration was raised and it was claimed that the plaintiff had failed to allege the necessary precedent conditions to permit the prosecution of the instant suit. Nowhere in the bill of exceptions or the original papers or elsewhere in the record does any reference to such precedent conditions appear. The defendant must be considered to have waived its right to require that such precedent condition to the maintaining of the action be performed, alleged, and proved. That it may do so is beyond question. 3 O. Jur. 74; Galion Iron Works & Mfg. Co. v Adams Mfg Co., 128 Fed. (2d) 411.

The plaintiff had a right to arbitration. It waived such right by bringing the action. The defendant Construction Company had the right to arbitration. It waived such right by answering and making no defense on this basis and proceeding through the trial to verdict without availing itself of the rights under the contract or statute. It met the issue of defective workmanship and breach of contract squarely. The case was tried by all parties on the basis that the breach of the contract was the issue. It is now too late to raise a different issue. The record shows no other presented.

See: 2 O. Jur. 613, §570; Hiller et al. v Shaw, 45 Oh Ap 303, 305; Bank & Trust Co. v Trust Co., 56 Oh Ap 309, 315.

The trial court ordered a new trial. In this order we find no error, prejudicial to the appellants. The judgment is affirmed.

MATTHEWS, PJ., concurs.