JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Georgiann Jackson ("appellant"), appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I {¶ 2} This case involves an action filed by appellee, Michael Kozak III ("appellee"), for a declaratory judgment by the trial court, declaring a statement dated July 18, 1999 to be a contract or an enforceable promise. On February 5, 1999, Michael and Ann Kozak signed new wills, changing the appointment of the executor to their daughter, who is the appellant in this case. Michael and Ann Kozak died two weeks apart; Michael died on June 16, 1999, and Ann died on June 30, 1999.
 {¶ 3} ichael and Ann's wills were filed with the Cuyahoga County Probate Court on August 20, 1999. Appellant was appointed executor on January 31, 2000. The first inventory was filed on May 26, 2000. Appellee argues that he refrained from filing objections to the inventory and accounts because he believed his sister, the appellant, would abide by an agreement they had made on July 18, 1999. Appellee further contends that he filed a complaint for declaratory judgment only after he realized that his sister was not going to honor the alleged July 18, 1999 agreement.
 {¶ 4} Appellee filed a complaint for declaratory judgment on April 29, 2005 and an amended complaint on July 18, 2005. Appellant filed an amended motion to dismiss on September 26, 2005, which was denied by the court on December 5, *Page 4 
2005. Appellant also filed an answer and counterclaim on December 28, 2005. A trial on the declaratory judgment action took place before the magistrate on March 2, 2006. Prior to the trial, the magistrate considered the motion in limine filed by appellant on February 24, 2006. The motion in limine was granted in part and denied in part. Appellee and appellant provided objections to the magistrate's ruling on the motion in limine on the record prior to the commencement of trial. The magistrate's report was filed on April 3, 2006. Cross objections were timely filed by both parties. The probate court allegedly held a hearing in chambers on July 21, 2006, where the court heard arguments that were not recorded by a court reporter and which are not part of the record.
 {¶ 5} The lower court found in favor of appellee on all claims and counterclaims. The trial court's orders were journalized on September 8, 2006. The lower court overruled the motion in limine filed by appellant. The trial court found that the statement dated July 18, 1999 was an agreement between the parties to treat certain assets that were outside the estate of Ann Kozak as if they were included in the estate. The trial court ordered that the value of the house, the car, and $45,000 in cash be credited to the estate along with applicable interest to be distributed among the heirs according to the will of Ann Kozak.
 {¶ 6} Michael Kozak and his wife Ann Kozak died testate on June 16, 1999 and June 30, 1999, respectively. During the following weeks, their adult children, *Page 5 
Georgiann Jackson and Michael Kozak III, met at the Kozak home and began the task of clearing out and distributing various items.
 {¶ 7} At the time of Ann Kozak's death she had two heirs, her son, Michael Kozak III, and her daughter, Georgiann Jackson. On July 18, 1999, prior to any probate court filings, appellant and appellee met at their mother's house to discuss various matters related to the division of the estate. Appellant was in poor health at the time of her parents' deaths, and appellee was concerned that his sister might die before their parents' assets could be distributed. Therefore, the title to the house, the car, and some cash had been transferred to appellant prior to the death of Ann Kozak for perceived protection and convenience. The parties entered into an agreement, dated July 18, 1999, concerning this division of parental assets.
 {¶ 8} Appellee and appellant signed a document indicating that appellant would assign one-half the value of the house and the car to her brother, or his estate, in the event of her death.[1] The document was written by appellant's husband and signed by appellant and appellee in front of other family members. The signatures of appellant and appellee were witnessed by two different parties and notarized by another individual.
 {¶ 9} The application to probate Ann Kozak's will was filed on August 20, 1999. Appellant was approved as executor on January 31, 2000. Since July 18, *Page 6 
1999, appellant has sold the house and the car and holds funds mentioned in the agreement. The relief sought by appellee at the lower court was a determination that the statement dated July 18, 1999 was a contract between interested parties in the administration of an estate or otherwise a document constituting a promise made by appellant upon which appellee relied. Appellee prevailed at the trial court level, and appellant now appeals.
 II {¶ 10} First assignment of error: "The court erred in denying Jackson's motion in limine."
 {¶ 11} Second assignment of error: "The court erred in admitting testimony in violation of Evid.R. 804(B)(5)."
 {¶ 12} Third assignment of error: "The court erred in permitting testimony about and admitting Exhibit 2."
 {¶ 13} Fourth assignment of error: "The court erred in failing to dismiss the complaint as it failed to allege Jackson's contractual obligations to the estate."
 {¶ 14} Fifth assignment of error: "The court erred in reversing its original finding that the house was not an asset of the estate."
 {¶ 15} Sixth assignment of error: "The court erred in reversing its original finding that the car was not an asset of the estate." *Page 7 
 {¶ 16} Seventh assignment of error: "The court erred in finding the $40,000 in cash was an estate asset."
 {¶ 17} Eighth assignment of error: "The court erred in admitting Exhibit 6 as it was unauthenticated, contains hearsay and was irrelevant."
 {¶ 18} Ninth assignment of error: "The court erred in admitting Exhibit 6 as it constituted communication pursuant to settlement."
 {¶ 19} Tenth assignment of error: "The court erred in not recusing itself after receiving ex parte communication from complainant's counsel."
 III {¶ 20} Because of the substantial interrelation between appellant's first four assignments of error, we will address them together below. A trial court has broad discretion in the admission or exclusion of evidence at trial. Appellate courts review such determinations under the abuse of discretion standard. Griffin v. MDK Food Servs., Cuyahoga App. No. 82314, 2004-Ohio-133. An abuse of discretion requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 21} Appellant argues in her first assignment of error that the trial court erred when it denied her February 24, 2006 motion in limine. This motion in limine sought *Page 8 
to eliminate evidence of a July 18, 1999 writing between the parties. The July 18, 1999 document between appellant and appellee, in its entirety, stated the following:
 {¶ 22} "To whom it may concern: Effective this date, July 18, 1999, I, Georgiann M. Jackson agree that Vi (50%) of the net value of the property at 15684 Glenridge Ave. Middleburg Hts., Ohio 44130 plus $15,500 plus a1996 Buick LeSabre Custom Limited VIN 1G4HR52K6TH424174 shall directly be assigned to my brother Mr. Michael Kozak III or his estate in the event of my death."
 {¶ 23} On March 2, 2006, the parties attended a hearing in order to determine the status of the July 18, 1999 document. The magistrate filed his report and recommendation on April 3, 2006.
 {¶ 24} The magistrate ruled that testimony regarding the value of the property or the car was not allowed at the hearing. Specifically, the magistrate did not allow any testimony or argument "relating to the property at 15684 Glenridge Avenue and its value," or any testimony or argument "related to the 1996 Buick and its value."
 {¶ 25} However, the magistrate did allow testimony and argument as to the other items in appellant's motion in limine. Although the magistrate granted the first two items in appellant's motion in limine, he denied items three, four, and five. The magistrate, therefore, allowed testimony as to amounts of cash or property transferred to any party by Ann Kozak and Exhibit A, the July 18, 1999 statement and testimony as to what Ann Kozak allegedly said while alive. Objections to the magistrate's decision were filed and subsequently overruled by the trial court. *Page 9 
 {¶ 26} Although the motion in limine was overruled by the trial court, the magistrate's decision was modified before it was adopted in the trial court's September 8, 2006 journal entry. The main modification in the trial court's September 8, 2006 entry stated that the value of the real property at 15684 Glenridge Avenue, Middleburg Heights, Ohio, as well as the 1996 Buick LeSabre, were now "included in the assets of the estate of Ann Kozak."
 {¶ 27} There is a substantial overlap between the value of the house and the car when compared with testimony as to amounts of cash or property transferred and the information in Exhibit A. This overlap manifests itself in inconsistencies. For example, the magistrate permitted, over objection, testimony and evidence relating to the value of the house and the car on more than one occasion.[2] Yet on other occasions, objections to such testimony were sustained.[3]
 {¶ 28} Given the circumstances in this case, it is illogical to assume that either the July 18, 1999 document, or "any testimony or argument at the upcoming hearing relating to any amounts of cash or property transferred to any party by Ann Kozak," could be discussed without addressing the actual content in the document. *Page 10 
 {¶ 29} The trial court determined that the magistrate erred in granting the exclusion of testimony concerning the first two items in appellant's motion in limine.[4] We agree with the trial court's actions modifying the magistrate's decision by denying the motion in limine regarding the first four items. However, as discussed in more detail below, the requirements of Evid.R. 804(B)(5) were not met, and any hearsay statements by the decedent referenced in item five of the motion should not have been admitted. Therefore, we disagree with the lower court's denial of item five in the motion for limine. Although, it was error for the lower court to allow in hearsay testimony as to what the decedent allegedly said while alive, any error was de minimis. Even after removing any testimony concerning the fifth item in the motion in limine, the evidence that remains is still more than enough to support the lower court's decision.
 {¶ 30} Appellant argues in her second assignment of error that the trial court erred in admitting testimony in violation of Evid.R. 804(B)(5). The admission of evidence is generally within the sound discretion of the trial court, and a reviewing court may reverse only upon the showing of an abuse of that discretion. Peters v. Ohio StateLottery Comm. (1992), 63 Ohio St.3d 296. *Page 11 
 {¶ 31} Evid.R. 804(B)(5) provides limited instances of when a decedent's hearsay statements may be brought into evidence. Evid.R. 804(B)(5) permits decedent hearsay testimony if all of the following apply:
 "(a) the estate or personal representative of the decedent's estate or the guardian or trustee of the incompetent person is a party;
 "(b) the statement was made before the death or the development of the incompetency;
 "(c) the statement is offered to rebut testimony by an adverse party on a matter within the knowledge of the decedent or incompetent person."
 {¶ 32} Requirement (c) is not met by appellee's use of the decedent's hearsay testimony because appellee is not the executor or estate representative, and he did not offer the hearsay in rebuttal.
 {¶ 33} Evid.R. 804(B)(5) is not intended to apply to the party opposing the decedent. Rather, it applies to the party that is substituted for the decedent. Bilikam v. Bilikam (1982) ,2 Ohio App.3d 300. Appellee was not the executor; therefore, he was not entitled to offer hearsay testimony of the decedent. Moreover, "Evid.R. 804(B)(5) only permits hearsay offered to rebut testimony by an adverse party."Eberly v. A-P Controls (1982), 61 Ohio St.3d 27. This district has followed the same decedent hearsay rule. "The statements objected to were not offered in rebuttal but were submitted * * * as part of [a] case-in-chief * * * [T]he statements are clearly inadmissible." In re: EM.,et al. (Nov. 8, 2001), Cuyahoga App. No. 79249. *Page 12 
 {¶ 34} As previously mentioned, although the requirements of Evid.R. 804(B)(5) were not met and any hearsay statements by the decedent referenced in item five of the motion should not have been admitted, the evidence is strong enough to support the lower court without it, and any error was de minimis.
 {¶ 35} Appellant argues in her third assignment of error that the trial court erred in permitting testimony about and admitting Exhibit 2. This assignment is essentially the same as the argument in appellant's first assignment of error. The only difference is that appellant adds the additional argument that Exhibit 2 constitutes a contract between the parties.
 {¶ 36} We find that the evidence in the record demonstrates that the signed July 18, 1999 document constitutes a meeting of the minds and satisfies all requirements of a contract. Although we agree with appellant that the writing constitutes a contract, that is where our agreement ends. The contract in this case does not require the return of the car, house, or money to the decedent's estate. Moreover, there is nothing in the contract to prohibit the trial court from permitting testimony concerning its terms into evidence.
 {¶ 37} Appellant argues in her fourth assignment of error that the lower court erred in failing to dismiss the complaint because it failed to allege her contractual obligations to the estate. Appellant argues that the lower court should have dismissed the complaint. However, the trial court did have jurisdiction to determine *Page 13 
the declaratory judgment action pending before it. The probate court is a proper forum for rendering a declaratory judgment on a contract or writing constituting a contract if the property transferred is related to the administration of the estate.
 {¶ 38} The writing dated July 18, 1999 was written in the context of handling the affairs of Ann Kozak after her death. The writing sets forth the understanding between appellant and appellee that all net assets were to be distributed equally between the two, consistent with the terms of their mother's will. The writing would not have been prepared, signed, and notarized if Ann Kozak had not died. Accordingly, it is a probate matter to determine whether or not the July 18, 1999 writing is a contract.
 {¶ 39} The jurisdiction of the probate court is defined by R.C.2101.24, which provides in pertinent part:
 "(C) The probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by statute."
 {¶ 40} Those matters which may properly be placed before the court include declaratory judgment actions involving the administration of an estate. R.C. 2101.24; Corron v. Corron (1988), 40 Ohio St.3d 75, 78-79,531 N.E.2d 708, 711-712.
 {¶ 41} Moreover, R.C. 2721.03 provides in pertinent part:
 "Any person interested under a deed, will, written contract, or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, municipal ordinance, *Page 14 
contract, or franchise, may have determined any question of construction or validity arising under such instrument, constitutional provision, statute, rule, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder."
 {¶ 42} In addition, R.C. 2721.05 provides that:
 "Any person interested as or through an executor, administrator, trustee, guardian, or other fiduciary, creditor, devisee, legatee, heir, next of kin, or cestui que trust, in the administration of a trust, or of the estate of a decedent, an infant, lunatic, or insolvent, may have a declaration of rights or legal relations in respect thereto in any of the following cases: * * *
 (C) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings." (Emphasis added.)
 {¶ 43} These statutes, taken together, allow one responsible for the administration of an estate, or personally interested in the administration of an estate, to bring a declaratory judgment action in the probate court regarding written instruments potentially affecting the rights and property which are the subject of an estate. Corron v.Corron, 40 Ohio St.3d at 78, 531 N.E.2d at 711.
 {¶ 44} Applying the foregoing to this action, it is clear that the probate court had jurisdiction to determine the validity of the July 18, 1999 writing. The evidence demonstrates that the assets described in the July 18, 1999 writing should be treated as if they were in the estate, in accordance with the agreement of the parties. We find the actions of the lower court to be proper. *Page 15 
 {¶ 45} Accordingly, appellant's first, second, third, and fourth assignments of error are overruled.
 {¶ 46} Because of the substantial interrelation between appellant's fifth, sixth, and seventh assignments, we address them together below. Appellant argues that the trial court erred in reversing the original finding that the house, car, and cash were outside of Ann Kozak's estate.
 {¶ 47} As previously mentioned, substantial evidence, including several documents as well as the testimony of Patricia Lawer, Roberta Kashi, Nicholas Kashi, Katherine Kozak, Michael Kozak III, and Wayne Jackson, was presented to the trial court. This evidence demonstrates that the July 18, 1999 writing was a contract to treat the house, car, and cash as if they were in the estate and should be divided equally between the parties. Appellant failed to produce any evidence demonstrating that the lower court abused its discretion or acted improperly regarding these three items.
 {¶ 48} Accordingly, appellant's fifth, sixth, and seventh assignments of error are overruled.
 {¶ 49} Appellant argues in her eighth and ninth assignments of error that the trial court erred in admitting Exhibit 6, a statement delineating probate and nonprobate assets. Exhibit 6 contained the following entry: "Cash: Held for Parents: $45,000.00." The Exhibit 6 statement was filed with the probate court on December *Page 16 
8, 2003 as part of the administration of the estate of Ann Kozak.[5]
The preparation of inventories is one of the primary responsibilities of the fiduciary; however, appellant never amended this court filing. Moreover, appellant had several years to review and amend this document and never did. Appellant alleges that she did not type the $45,000 entry. However, there is no dispute that she did not seek to correct or revise any of the entries within Exhibit 6 prior to the hearing.
 {¶ 50} There is no evidence in the record to support appellant's claim that the exhibit was prepared or presented for purposes of settlement. The purpose of Rule 408 is to allow parties to have private, free-flowing settlement discussions. Trial Exhibit 6 is not derived from private communication between the parties. It is not marked "for settlement purposes." There is nothing private about this document; it was filed with the court as a representation as to the disposition of estate and nonestate assets.
 {¶ 51} Exhibit 6 was not related to settlement and was previously filed with the court, therefore admitting it did not constitute error.
 {¶ 52} There is nothing in the record demonstrating that Exhibit 6 was unauthenticated, contained inadmissible hearsay, was irrelevant, or constituted communication pursuant to settlement. We find no error on the part of the lower court. *Page 17 
 {¶ 53} Accordingly, we overrule appellant's eighth and ninth assignments of error.
 {¶ 54} Appellant claims in her tenth assignment of error that the lower court erred in not recusing itself after receiving an alleged ex parte communication from appellee's counsel.
 {¶ 55} However, a review of the record demonstrates that appellant did not request that the judge recuse himself. In addition, the record demonstrates that appellant did not bring any alleged potential conflict to the court's attention either before or after the trial court's decision was docketed. Moreover, appellant never filed an affidavit of prejudice to have the judge removed from the case. It is not within the purview of this court to void a trial court judgment on the basis of an argument that the trial judge should have been disqualified. If a party believes that a judge is biased and should not preside over a case, the burden is on that party to file an affidavit of disqualification with the Supreme Court of Ohio. Furlan v. Saloka, Cuyahoga App. No. 83186,2004-Ohio-1250.
 {¶ 56} It is a well established principle of law in Ohio that a party cannot raise new issues for the first time on appeal. McCarthy, Lebit,Crystal Haiman Co., LPA v. First Union Management, Inc. (1993),87 Ohio App.3d 613, 620, 622 N.E.2d 1093, 1097; Addyston Village SchoolDist. Bd. of Edn. v. Nolte Tillar Bros. Constr. Co. (1943),71 Ohio App. 469, 26 O.O. 379, 49 N.E.2d 99; State Planters Bank Trust *Page 18 Co. v. Fifty-Third Union Trust Co. (1937), 56 Ohio App. 309, 9 O.O. 297,10 N.E.2d 935; Hiller v. Shaw (1932), 45 Ohio App. 303, 187 N.E. 130.
 {¶ 57} Ordinarily, reviewing courts do not consider questions not presented to the court whose judgment is sought to be reversed. Nor do appellate courts have to consider an error which the complaining party could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. State ex rel. Quarto Mining Co. v. Foreman (1997),79 Ohio St.3d 78.
 {¶ 58} Accordingly, appellant's tenth assignment of error is overruled.
 {¶ 59} We find that the lower court's actions were proper. The lower court properly denied appellant's motion in limine and did not abuse its discretion. Any error on the part of the lower court regarding the fifth item in the motion in limine was harmless error and did not affect the decision. The July 18, 1999 writing memorialized the agreement of the parties to treat the car, cash, and house as if they were part of Ann Kozak's estate.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. *Page 19 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, ADMINISTRATIVE JUDGE
MARY EILEEN KILBANE, J., CONCURS; CHRISTINE T. McMONAGLE, J., CONCURS IN JUDGMENT ONLY
[1] See appellee's Exhibit 2.
[2] Tr. 45, 126, 127, 129, 130.
[3]Tr. 44, 166.
[4] Tr. 4.
[5] See magistrate's report, p. 6. *Page 1