### La DOW, Admr v BALTIMORE & OHIO RD CO

Ohio Appeals, 1st Dist, Hamilton Co

Decided June 1, 1931

Messrs. Taft, Stettinius & Hollister, Cincinnati, for plaintiff in error.

Messrs. Harmon, Colston, Goldsmith & Hoadley, Cincinnati, for defendant in error.

HAMILTON J.

The question then is: Did the directing by the decedent of the Baltimore & Ohio engines, while an employee of the Central Union Depot Company, make him an employee of the Baltimore and Ohio Company?

The question under a similar state of facts is presented in the case of **Payne, Dir Genl v Lind, Admx, 106 Oh St 14**, 138 N. E., 366. In that case the administratrix of the estate of Lind brought an action against the Balti-

more & Ohio Railroad Co. and the Cleveland, Cincinnati, Chicago & St. Louis Railway Company to recover for wrongful death. Both railroads were operated by Payne, Director General. The Baltimore & Ohio Company used the depot, and, by agreement between the two companies, it was the duty of plaintiff's decedent to prepare and make ready the trains of the Baltimore & Ohio Railroad Company for departure. Lind was employed by Payne, Director General, operating the Cleveland, Cincinnati, Chicago & St. Louis Railroad Company. The force of the decision in the Lind case is that, notwithstanding Lind, by agreement with the Baltimore & Ohio Company, had the duty to prepare the Baltimore & Ohio trains for departure, he being the employee of the Cleveland, Cincinnati, Chicago & St. Louis Railway Company, and notwithstanding both roads were operated by Payne, Director General, Lind was not an employe of the Baltimore & Ohio Railroad Company, and that the Federal Employers' Liability Act (Title 45, §§51 to 59, U. S. Code), permitting recovery under the proportionate-negligence rule, had no application.

Counsel for plaintiff in error seek to distinguish this case, but in our opinion the Lind case presents a stronger case for the application of the Federal Employers' Liability Act than the case under consideration.

Upon the authority of the case of **Payne, Dir Gen, v Lind, Admx, supra,** we hold that the plaintiff's decedent at the time of his injury and death was not an employee of the Baltimore & Ohio Railroad Company, and therefore the Federal Employers' Liability Act has no application, and the trial court was correct in so holding.

However, it is contended by the plaintiff in error's administrator that he is entitled to go to the jury on the question of common-law negligence, under the Ohio rule; that there is sufficient in the petition to justify the going to the jury on this issue.

The petition states a cause of action under §10770 GC. The petition also contains allegations of employment, which, if proved, would bring the case within the Federal Employers' Liability Act. We have found that the plaintiff has failed in the proof, to bring the case within the federal act. However, the evidence is fully presented on the question of common-law negligence. If there was a scintilla of evidence tending to prove negligence against the defendant railroad company, and the plaintiff's evidence did not raise the presumption of contributory negligence as a matter of law, we are of opinion that the case should have been submitted to the jury on the issue of common-law negligence. This view is supported in principle by the case of **Gartner v Corwine,** 57 Oh St, 246, 48 N. E., 945. In the course of the opinion in that case the Supreme Court said, at page 254 **57 Oh St,** 48 N. E. 945: "The code permits the facts which constitute his cause of action; and when, upon any of the facts so stated, he is entitled to recover, he cannot be denied that right because he has alleged other facts that he is unable to prove."

This brings us to the question of whether or not there is a scintilla of evidence to show negligence on the part of the defendant Baltimore & Ohio Railroad Company, and if so, does the plaintiff's own evidence raise a presumption of negligence on the part of the decedent, contributing to his own injury and death?

The pertinent and controlling facts as shown by the plaintiff's evidence are substantially these: That the Baltimore & Ohio train in question, No. 55, came into the station under the direction of the employees and servants of the Central Union Depot Company; that the engine was detached, and went some three or four hundred feet back into the yards to take water. In the meantime a switch engine was run in on track 2, adjacent to track 3, which track 2 had a swtich over from track 3 at a point in the yards; that a switch engine had gone in on track 2 toward the depot to remove a baggage car which was to be attached to the Baltimore & Ohio train No. 55. La Dow in the course of his employment, and as one of his duties, went to track 3 and there signalled the switch engine on track No. 2 to stop, for the evident purpose of permitting the engine of No. 55 to back up for coupling onto the Baltimore & Ohio train No. 55. He gave the stop signal for the switch engine on track 2, and while standing on track 3 signalled the Baltimore & Ohio engine on track 3 to back up. The engine on track 2 stopped at his signal. For some reason unexplained and unexplainable La Dow stood on or adjacent to track 3 while the engine for train No. 55 was bearing down upon him, which he had signalled to back up. The fireman and the engineer on track 2 saw the engine backing up on track 3, and when the engine on track 3 was within 25 or 30 feet of La Dow, shouted to him. La Dow was standing with his back or side toward the approaching engine on track 3, remained there, and was struck by the engine on track 3, backing up.

It may be claimed that the engineer or fireman on the engine on track 3, backing up, should have seen La Dow and given him some special warning. They testified, and were witnesses for the plaintiff, that at

La Dow's signal they gave the three blasts of the whistle in response to the signal; that they were coming in at about six to eight miles an hour and could see La Dow. All the witnesses who saw the accident saw La Dow on or near track 3 and saw the engine which struck him bearing down upon him. Certainly if he had looked he could have seen the engine approaching, even if he had not signalled it to back up, and could easily have stepped aside, and his failure to do so was gross negligence. If there was a scintilla of evidence of negligence by reason of the engineer or fireman not giving a special signal, or not stopping the engine before striking La Dow, the plaintiff's own evidence clearly raised a presumption of contributory negligence, which plaintiff failed to remove, and which defeats recovery.

For the reasons stated an instructed verdict at the close of all the evidence was proper, and the judgment of the court of common pleas of Hamilton county will be affirmed.

ROSS, PJ and CUSHING, J, concur.