Bevis, J.
 

 Two of the judges of the Court of Appeals were of the opinion that there was sufficient evidence of the defendant’s ownership or control of the service pipe to carry the case to the. jury if “the so-called scintilla rule” still prevails in Ohio, but not sufficient to carry it to the jury if this rule does not prevail. The third member of the court held that there was more than a “mere scintilla” of evidence upon this point, and he dissented from the entering of final judgment for the defendant.
 

 He stated that he based his dissent upon ‘ ‘ evidence that the gas company installed the service line, made extensions of the same and installed its meters for the purpose of delivering gas to its consumers for profits, that at least one of these extensions was made and a .meter installed for the use of a tenant of the plaintiff below without the consent of the plaintiff.”
 

 - The record discloses that the service pipe in question came from the curb cock, through the front foundation wall of the building, and ran along under the floor, partly on the surface of the ground, and partly beneath the surface, to the rear wall, where risers went up to the meters. There was no cellar under the building, and access to the service pipe could be had only through a small trapdoor inside the store.
 

 The record further shows that the lodge building was constructed in the year 1907. Gas had only shortly theretofore been introduced into the village of Ham-den, and to encourage and facilitate its installation and use the gas company had, in some cases, attended to putting in the service lines as well as the street mains. It was asserted by the plaintiff, and an attempt was made to prove at the trial, that the gas company, at its
 
 *473
 
 own expense, installed the service pipe in the building. We can find no evidence in the record, however, to support this claim. On the contrary, there is positive testimony that the piping in the building was done by a plumbing company from Wellston, and the records of the lodge show a lump payment for the work. Nor can we find evidence in the record that the defendant made either extensions or repairs.
 

 It did own and install the meters. For a time there were two meters attached to the service pipe; one for the lodges above and one for the tenants below; but, when the explosion, occurred, and for a considerable time previous thereto, only one meter was used, the lodges paying the gas bills for the tenants. There is no positive evidence that the meters were either installed or removed without the consent of the plaintiffs, and, in our opinion, the reasonable inference from all of the facts is to the contrary. Section 9329, General Code.
 

 There was testimony, furthermore, that a few years before the explosion some part, or all, of the service pipe was renewed at the direction of a member of the Odd Fellows’ Lodge, who paid for the work with a check. Whether that person was still a member of the building committee, and whether the cheek was a “lodge” check, the evidence fails definitely to establish. In this state of the record, the individual view of the dissenting judge seems founded on misapprehension.
 

 The record containing no evidence that the gas company installed, extended, or repaired the service line, there remain substantially only the facts that the line was used exclusively for the conveyance of gas from the defendant’s mains into the plaintiffs’ premises, and that the defendant owned, connected, and, at proper intervals, read the meters. Was this sufficient to carry the case to the jury?
 

 In the absence of evidence to the contrary, the pre
 
 *474
 
 sumption is that the service lines located upon the land of the abutting owner and attached to fixtures or other appliances thereon are the property of such abutting owner. The record in this case contains no evidence to rebut that presumption.
 

 Ownership of the service pipe, however, was not an indispensable requisite to liability. If the pipe were under the exclusive control of the gas company, there should be a duty to inspect,
 
 Groff
 
 v.
 
 Charleston-Dunbar Natural Gas Co.,
 
 110 W. Va., 54, 156 S. E.,
 
 Washington Gas Light Co.
 
 v.
 
 District of Columbia,
 
 161 U. S., 316, 16 S. Ct., 564, 40 L. Ed., 712; and, even in the absence of such exclusive control,
 
 there might still
 
 be liability for failure to take proper measures of safety, if notice of a defect or other dangerous condition were brought to the company’s attention.
 
 Northwestern Ohio Natural Gas Co.
 
 v.
 
 First Congregational Church of Toledo,
 
 126 Ohio St., 140, 184 N. E., 512. There was, however, no evidence of notice.
 

 The case, therefore, comes down to this: Can such control as carries with it the duty to inspect and repair be inferred from the facts that the service pipe was used only to transport the company’s gas from the street main into the plaintiff’s building, and that the meters were owned, connected to the pipes, and controlled by'the defendant?
 

 In the opinion of the majority of the Court of Appeals “there was some evidence or rather some facts from which a slight inference of the necessary ownership or control might be drawn,” enough in their opinion to constitute a “scintilla.”
 

 We agree with the majority judges that the inference to be so drawn was “slight,” and that the case should not have gone to the jury unless the trial judge was bound to submit it to them by reason of the “scintilla rule.”
 

 The case, therefore, squarely presents the question whether “the scintilla rule” is law. In Ohio certain
 
 *475
 
 of the Courts of Appeals, like the court below in the instant case, are of the opinion that this rule is no longer law. Others are equally of the opinion that the rule still obtains.
 
 Clark Restaurant Co.
 
 v.
 
 Rau,
 
 41 Ohio App., 23, 179 N. E., 196;
 
 La Dow, Admr.,
 
 v. Balti
 
 more & Ohio Rd. Co.,
 
 40 Ohio App., 458, 178 N. E., 697;
 
 Coleman, an Infant,
 
 v.
 
 Columbus Gas & Fuel Co.,
 
 40 Ohio App., 534, 179 N. E., 749;
 
 Palatine Ins. Co.
 
 v.
 
 Buckeye Stages, Inc.,
 
 32 Ohio Law Rep., 48;
 
 Giddens
 
 v.
 
 Cleveland Ry. Co.,
 
 37 Ohio App., 8, 174 N. E., 22.
 

 2 Thompson on Trials (2d Ed.), Section 2246, defines the scintilla rule as follows: “Where there is
 
 any
 
 evidence, however slight,
 
 tending
 
 to support a material issue, the case must go to the jury * * Substantially the same statement occurs in 14 Encyclopedia of Evidence, 102; 1 Chamberlayne, Evidence, Section 396; 5 Wigmore, Evidence (2d Ed.), 2494; and, if it be assumed that the rule applies to every material issue in the case, this statement may fairly be said to express the doctrine as it has been understood in this state.
 
 Ellis & Morton
 
 v.
 
 Ohio Life Insurance & Trust Co.,
 
 4 Ohio St., 628, at page 648, 64 Am. Dec., 610;
 
 Gibbs
 
 v.
 
 Village of Girard,
 
 88 Ohio St., 34, at page 41, 102 N. E., 299.
 

 Few, if any, of the other states now observe this rule. While Kentucky and South Carolina are sometimes said to have it, each defines it in substantially different terms.
 
 Newman
 
 v.
 
 Dixon Bank & Trust Co., Exr.,
 
 205 Ky., 31, 265 S. W., 456;
 
 Dutton
 
 v.
 
 Atlantic Coast Line Ry. Co.,
 
 104 S. C., 16, 88 S. E., 263. The federal courts do not observe it.
 
 Ewing
 
 v.
 
 Goode
 
 (C. C.), 78 F., 442;
 
 Pennsylvania Rd. Co.
 
 v.
 
 Chamberlain, Admx.,
 
 288 U. S., 333 at page 343, 53 S. Ct., 391, 77 L. Ed., 819;
 
 Coughran
 
 v.
 
 Bigelow,
 
 164 U. S., 301 at page 307, 17 S. Ct., 117, 41 L. Ed., 442;
 
 Commissioners of Marion County
 
 v.
 
 Clark,
 
 94 U. S., 278, 24 L. Ed., 59;
 
 Hardy-Burlingham Mining Co.
 
 v.
 
 Baker
 
 (C. C. A.), 10 F. (2d), 277;
 
 Evans
 
 v.
 
 Ely
 
 (C. C. A.), 13 F. (2d),
 
 *476
 
 62, at page 64;
 
 Davlin
 
 v.
 
 Henry Ford & Son, Inc.
 
 (C. C. A.), 20 F. (2d), 317, at page 319;
 
 Heisson
 
 v.
 
 Dickinson
 
 (C. C. A.), 35 F. (2d), 270, at page 271;
 
 McNabb
 
 v.
 
 Virginian Ry. Co.
 
 (C. C. A.), 55 F.(2d), 137, at page 138;
 
 Dernberger
 
 v.
 
 Baltimore & Ohio Rd. Co.
 
 (D. C.), 234 F., 405, at page 406.
 

 In this court the doctrine is frequently said to have had its beginning in the case of
 
 Ellis & Morton
 
 v.
 
 Ohio Life Insurance & Trust Co.,
 
 4 Ohio St., 628, 64 Am. Dec., 610, although expressions in prior cases, that may have been no more than
 
 dicta,
 
 had apparently paved the way for the court’s holding.
 
 Williams’ Lessee
 
 v.
 
 Burnet,
 
 Wright, 53;
 
 Sperry
 
 v.
 
 Johnson,
 
 11 Ohio, 452;
 
 Hicks
 
 v.
 
 Person,
 
 19 Ohio, 426.
 

 In the
 
 Ellis case, supra,
 
 the syllabus reads: ‘ ‘ Such a motion [for nonsuit] involves an admission of all the facts which the evidence in any degree
 
 tends
 
 to prove, and presents only a question of law, whether each fact, indispensable to the right of action, and put in issue by the pleadings, has been supported by some evidence.
 

 “If it has, the motion must be denied; as no finding of facts by the court, or weighing of the evidence, is permitted.”
 

 In the course of the opinion the court says: “Wherever there is any evidence, however slight, tending to prove the facts essential to make out a case for the plaintiff, a nonsuit can not be properly ordered: it is in no case a question as to the weight, but as to the relevancy of the testimony.”
 

 In substantially similar language the same rule was expressed in a series of subsequent cases.
 
 Stockstill
 
 v.
 
 Dayton & Michigan Rd. Co.,
 
 24 Ohio St., 83;
 
 Dick, Admx., v. I., C. & L. Rd. Co.,
 
 38 Ohio St., 389;
 
 Lake Shore & Michigan Southern Ry. Co.
 
 v.
 
 Murphy, Admr.,
 
 50 Ohio St., 135, 33 N. E. 403.
 

 The first intimation that the court was not entirely satisfied with these holdings occurs in the opinion of
 
 *477
 
 Judge Spear in
 
 Cincinnati Street Ry. Co.
 
 v.
 
 Snell,
 
 54 Ohio St., 197, 43 N. E., 207, 32 L. R. A., 276, as follows: “Applying the doctrine of that case
 
 [Ellis & Morton
 
 v.
 
 Ohio Life Insurance & Trust Co., supra],
 
 the motion involved an admission of all the facts which the evidence in any degree tended to prove, and presented only a question of law, whether each fact indispensable to the right of action, and put in issue by the pleadings, had been supported by some evidence. If it had been, no matter how slight the evidence, the motion should have been denied, because it was the right of the plaintiff to have the weight and sufficiency of his evidence passed upon by the jury. * * * We are aware that this rule is much criticised, and plausible arguments against its reasonableness have been adduced, but it has been followed uniformly, and should be applied until definitely overruled, or changed by legislation. ’ ’
 

 A little later in
 
 Nelson Business College Co. v. Lloyd,
 
 60 Ohio St., 448, 54 N. E., 471, 46 L. R. A., 314, 71 Am. St. Rep., 729, Judge Minshall, in his opinion, uses the following language: “* * * this is the inference the defendant would have drawn from the evidence; but, certainly, an impartial mind may draw from it the former conclusion; and this shows that, from the same evidence, different minds may draw different conclusions — one favorable, and the other unfavorable, to the claim of the plaintiff; and hence the evidence should have been submitted to the jury under proper instructions as to the law. This is the proper rule in determining whether a verdict should be directed in any case. The so-called ‘scintilla rule,’ frequently applied as a stigma to the practice that requires the case to be submitted to the jury when there is any evidence to support the plaintiff’s case, is better calculated to confuse than enlighten the mind.”
 

 This is the first time the term “scintilla” was used in an opinion of this court, although Judge Taft had
 
 *478
 
 used it shortly before in the case of
 
 Ewing
 
 v.
 
 Goode, supra.
 

 It is not entirely clear, however, that the court intended to establish a different rule, for in
 
 First National Bank
 
 v.
 
 Hayes & Sons,
 
 64 Ohio St., 100, 59 N. E., 893, where both plaintiff and defendant had moved for an instructed verdict, the same judge said: “If no motion had been made by the plaintiff and there was any evidence tending to support its case, it would have had the undoubted right to have had the same submitted to the jury, and it would have been error in the court to direct a verdict for the defendants. Of this there can be no question.”
 

 And in
 
 Gibbs
 
 v.
 
 Village of Girard, supra,
 
 the opinion says:
 

 “ ‘Wherever there is any evidence, however slight, tending to prove the facts essential to make out a case for the plaintiff, a nonsuit cannot be properly ordered; it is in no case a question as to the weight, but as to the relevancy of the testimony. If the testimony tends to prove a
 
 prima facie
 
 case for the plaintiff, a non-suit cannot be properly ordered.’
 

 “It is manifest that this doctrine is the one legally known as the scintilla rule.”
 

 The extreme length to which this court has gone in the application of this doctrine appears in the case of
 
 Clark
 
 v.
 
 McFarland,
 
 99 Ohio. St., 100, 124 N. E., 164. The syllabus reads:
 

 “1. In proceedings in contest of a last will and testament, a motion to direct a verdict in behalf of the proponents of the will, at the close of the evidence of the contestants, must be overruled by the court, if some evidence has been offered in support of the issues involved.
 

 “2. The scintilla rule of evidence is to be applied in such proceedings, as in the ordinary jury trial of a civil action.”
 

 In
 
 Sobolovitz
 
 v.
 
 Lubric Oil Co.,
 
 107 Ohio St., 204, 140
 
 *479
 
 N. E., 634, while the court failed to find any evidence upon which the case might be sent to the jury, Judge Eobinson, in his opinion, says: “This court has gone perhaps the full limit upon the subject of scintilla, and has held that if there is a scintilla of evidence upon the question in issue the question is one for the jury, and has defined a scintilla as any evidence, or reasonable inference which may be drawn from evidence, which tends to prove a question in issue; but it has not extended the doctrine beyond a reasonable inference drawn from a fact supported by evidence.”
 

 In
 
 Cleveland-Akron Bag Co.
 
 v.
 
 Jaite,
 
 112 Ohio St., 506, 148 N. E., 82, Judge Jones with the concurrence of Judges Marshall and Kinkade, objected vigorously to the employment of the term “scintilla” and indicated approval of the doctrine enunciated by Judge Minshall in
 
 Nelson Business College Co.
 
 v.
 
 Lloyd, supra.
 
 In the
 
 Bag Co. case,
 
 however, the court found that there was substantial evidence to carry the case to the jury, and the actual state of the law with reference to the scintilla rule was apparently left unchanged. That Judge Marshall considered it unchanged is indicated by the following language in his opinion in
 
 St. Marys Gas Co.
 
 v.
 
 Brodbeck, Admr.,
 
 114 Ohio St., 423, 151 N. E., 323: “This view, if maintainable, is under the well-known scintilla rule established in Ohio, and which must be applied and respected by courts, regardless of their belief in the soundness of the rule.”
 

 In the case of
 
 Jacob Laub Baking Co.
 
 v.
 
 Middleton,
 
 118 Ohio St., 106, 160 N. E., 629, however, the court in the syllabus said:
 

 “When the proof of the essential facts put in issue and the reasonable inferences deducible therefrom are such that the jury, as fairminded men, should reasonably arrive at but one conclusion, it is the duty of the trial court to direct a verdict in favor of the party which such proof sustains,”
 

 
 *480
 
 There is no express dissent from the “scintilla rule,” but in the same volume, in the case of
 
 Painesville Utopia Theatre Co.
 
 v.
 
 Lautermilch,
 
 118 Ohio St., 167, 160 N. E., 683, the court says in the syllabus :
 

 “Whenever, from conflicting evidence of the same witness or of different witnesses, it becomes necessary to weigh such conflicting evidence to determine wherein the probable truth lies, or from a combination of circumstances determine an ultimate fact upon the determination of which different minds might reasonably arrive at different conclusions, it is the province of the jury to perform that function. It is reversible error for the court to invade that province of the jury. ’ ’
 

 Having thus arrayed the salient expressions in our reported cases, we are not surprised at the divergent holdings of our Courts of Appeals. At the one extreme we have the opinion of Judge Sullivan: ‘ ‘ The judicial task demands a searching and a minute examination of the record, in order to determine whether there is a spark, a mere trifle, or glimmer of evidence bearing, upon the question # * *.”
 
 Ford, Admx.,
 
 v. Papcke, 26 Ohio App., 225, 158 N. E., 558. Upon the other, we have the opinion of the court below in the instant case that the scintilla rule “does not now obtain in this state. It has been definitely abandoned and Ohio has been brought into harmony with the vast majority of states in requiring some substantial evidence to make a case for the jury.”
 

 If the scintilla rule is still the law of this state, the Ohio courts stand practically alone in their adherence to it. This circumstance, of course, is not controlling, but it strongly suggests a re-examination of the basic soundness of the doctrine.
 

 In our opinion, the use of the term “scintilla” should be definitely abandoned. Coined originally as a catchy description of light, though ponderable, evidence, its adoption as a term of legal significance has made it a source from which new and different mean
 
 *481
 
 ings have been derived. “Spark,” “trifle,” “glimmer” are obviously derivations from its etymological rather than from its original legal significance, but those derivations have produced practical differences in the outcome of lawsuits.
 

 While some judges have defined the term so as to require sending to the jury cases in which the probative value of the evidence approaches the vanishing point, others have revolted against what they feel is an abandonment of rational procedure, and have declared that the term “scintilla” means any substantial evidence. The result is uncertainty and confusion.
 

 But, of course, it is possible to have the scintilla rule without the use of the word “scintilla.” Should the judge be required to send the case to the jury whenever there is “any evidence,
 
 however slight, tending
 
 to support each material issue?”
 

 While it is true that trial procedure, as it developed at common law, assigns to the jury the function of passing upon questions of fact, it is also true that from time immemorial the court has had and exercised the power to regulate the jury’s action, at least to the extent of seeing that such action is not wholly unreasonable. Pursuant to this conceded power, the judge may take from the jury, before submission, a case in which there is no evidence upon which a verdict could reasonably stand.
 
 Foss-Schneider Brewing Co.
 
 v.
 
 Ulland,
 
 97 Ohio St., 210, 119 N. E., 454, 4 A. L. R, 1098;.
 
 Jacob Lamb Baking Co.
 
 v.
 
 Middleton, supra;
 
 and may set aside a verdict after it is rendered if it is not sustained by sufficient evidence. Section 11576, General Code.
 

 To permit the court to direct a verdict in every case where he would set aside a contrary verdict would, in our opinion, be an unwarranted invasion of the jury’s province. That the weight of the evidence is at least primarily a question for the jury has long been recognized in Ohio both by the courts and by the legislature.
 

 
 *482
 
 But to say that the court must send the case to the jury whenever there is any evidence, no matter how slight, which tends to support a party’s claim, is, in extreme cases, to permit the jury to play with shadowy and elusive inferences which the logical mind rejects. Before the judge is required to send the case to the jury, there should be in evidence something substantial from which a reasonable mind can draw a logical deduction. If reasonable minds may draw different inferences, or reach different conclusions, a jury question is presented. But, if reasonable minds can reach only one conclusion, the jury should not be allowed to speculate upon the matter. To do so is to allow them the opportunity of returning a wholly unreasonable verdict.
 

 There is a distinct and definite place in our Anglo-American scheme of trial procedure for the exercise of the jury’s function. The “common touch” implicit in the layman’s nontechnical approach to the decision of cases has been jealously guarded throughout our judicial history. But definite boundaries of the jury’s province have always been recognized. The judge is to see that they are not transgressed.
 

 Our present holding is but the corollary of a doctrine long accepted. We permit the judge to say that there is no evidence to support a verdict. May he not equally be trusted to say whether there is any substantial evidence from which a rational conclusion may be drawn?
 

 In our opinion, therefore, the question whether the case must be submitted to the jury should not be tested by asking whether there is any evidence, however slight, tending to support each material issue; it should be tested by asking whether upon the evidence adduced reasonable persons might reasonably reach different conclusions. Before a verdict may be directed against a party, the evidence must be given the most favorable interpretation in his favor. If? after such interpreta
 
 *483
 
 tion, the court finds that upon any material issue only an adverse conclusion can reasonably be drawn, it should direct a verdict against him.
 

 This rule, in our opinion, violates no constitutional provision. Nor does it withhold from the jury any case which should be submitted to it. The court’s time and the parties’ money should not be wasted on new trials, granted because the judge is without other remedy to prevent manifest injustice.
 

 Certainly the court should not be put unavoidably into a position under the provisions of Section 11577, General Code, where he is compelled to enter judgment on a second verdict which no reasonable mind could reach.
 

 It is our opinion that the rule stated in the second paragraph of the syllabus in
 
 Jacob Lamb Baking Co.
 
 v.
 
 Middleton, supra,
 
 is correct. The second and third paragraphs of the syllabus in
 
 Ellis & Morton
 
 v.
 
 Ohio Life Insurance & Trust Co., supra,
 
 and the case of
 
 Clark
 
 v.
 
 McFarland, supra,
 
 are hereby overruled.
 

 For the foregoing reasons, we find no error in the judgment of the Court of Appeals, and the same is hereby affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Allen, Stephenson, Jones, Matthias and Zimmerman, JJ., concur.