The Marvel Gasoline & Oil Co., Inc., *v.* Rollins.

(Decided February 19, 1934.)

*Mr. Paul Howland* and *Mr. Ben P. Rabb,* for plaintiff in error.

*Mr. Edward P. Blaugrund* and *Messrs. Green & Green,* for defendant in error.

McGill, J.   The plaintiff below, Ida Rollins, having perfected her right of appeal, filed a petition in the Court of Common Pleas alleging that she was entitled to participate in the state insurance fund by reason of the death of her husband, Luther Rollins.   The case was tried to a jury on the transcript of the testimony taken before the Industrial Commission, and a verdict was returned for the plaintiff below against the Marvel Gasoline & Oil Company, Inc.

The Marvel Gasoline & Oil Company filed a petition in error in this court containing numerous assignments of error.   It was urged particularly, both in oral argument and in the briefs submitted by the company:

First, that the verdict is manifestly against the weight of the evidence.

Second, that there was no competent evidence in the record that Luther Rollins suffered an accidental injury which had any causal connection with his death.

Third, that the court erred in overruling the de-

fendant's motion for a directed verdict at the close of plaintiff's testimony, and again at the close of all the testimony.

Fourth, that the court erred in overruling the motion for a new trial, when it appeared that some of the exhibits received in evidence were not sent to the jury room.

Briefly the evidence disclosed that Luther Rollins on the 17th of October, 1930, was assisting one Ben Lieken, a truck driver employed by defendant below; that on that date it was raining and Rollins' clothes became wet; that Lieken, after arriving at a gasoline station at West 138th street and Lorain avenue got off the truck and went into the station; that after Lieken was in the station he heard a drum of oil fall; that he looked and saw Rollins bending over the drum; that Rollins got off the truck and walked into the station by himself after the alleged accident; that Rollins took off his coat and stood down by the fire, and that later Lieken drove Rollins home. No one saw the accident.

In addition to the testimony of Lieken that he heard the drum fall, and then saw Rollins bending over the oil drum, the plaintiff below testified that Rollins was in bed "looking bad and sick," that his condition did not improve, and that she rubbed liniment on his back, his left side, and left leg.

No request was made for a physician, and no request was made to be taken to a hospital, and no doctor was called to treat Rollins until several days after the alleged injury.

Dr. Jayfus Ward, who was called by the plaintiff, signed the death certificate which showed: "Principal cause of death acute cardiac dilation, lobar pneumonia with contributory causes alcoholism and exposure." Dr. Ward also testified that he had a very vivid recollection of the incidents in relation to the case; that

there was no history of injury sustained while working; that all the questions he asked were directed to finding out when "this lung thing began," and that he received no history of trauma or injury.

It was claimed by plaintiff below that Rollins sustained an injury which was a predisposing cause; or, at least, that the injury was a contributing factor to the death. It was plaintiff's theory that Rollins' vitality was reduced or lowered by the injury. The record clearly discloses that Rollins died from pneumonia and other causes set forth in the death certificate, and the evidence does not disclose any substantial evidence showing a causal connection between the injury and the death.

Lieken further testified that Rollins helped him occasionally, but there is no evidence in the record that Rollins was a regular employee. The testimony of Lieken is that Rollins had helped him on occasions. Lieken also testified that he had seen Rollins paid by check, and by cash on several occasions. The evidence on the part of the company shows that he had worked for the company as a painter on one occasion. The records of the company show no payments to Rollins for any other work than the painting job.

Section 1465-61, paragraph 2, General Code, a section of the Workmen's Compensation Act, provides as follows: "Every person in the service of any person, firm, or private corporation, including any public service corporation, employing three or more workmen or operatives regularly in the same business, or in or about the same establishment under any contract of hire, express or implied, oral or written, including aliens and minors, but not including any person whose employment is but casual and not in the usual course of trade, business, profession or occupation of his employer."

The evidence is not sufficient, in the opinion of this

court, to show that Rollins was regularly employed, and for this reason a verdict should have been directed.

There is another fatal objection to the right to participate in the fund under the evidence disclosed by this record. There is no evidence that the alleged injury caused or contributed to the death of Rollins. Certainly the record does not contain more than a scintilla of evidence.

In the recent case of *Hamden Lodge No. 517, Independent Order of Odd Fellows*, v. *Ohio Fuel Gas Co.*, 127 Ohio St., 469, 189 N. E., 246, it is held that the scintilla rule in Ohio is now abandoned. Paragraphs 1 and 2 of the syllabus of this case read as follows:

"1. The term 'scintilla,' when used to designate a rule of trial procedure, is confusing and misleading and should be abandoned.

"2. The so-called 'scintilla rule,' requiring a trial judge to submit a case to the jury if there is any evidence, however slight, tending to support each material issue, no longer obtains in Ohio. (Second and third paragraphs of the syllabus in *Ellis & Morton* v. *Ohio Life Insurance & Trust Co.*, 4 Ohio St., 628 [64 Am. Dec., 610], and the case of *Clark* v. *McFarland*, 99 Ohio St., 100 [124 N. E., 164], overruled.)"

The record in this case does not show more than a scintilla of evidence, either as to the regular employment or as to the causal connection between the alleged injury and the death.

We think that the *Hamden case* beyond question is controlling in the instant case, and that the court below erred in failing to direct a verdict for the defendant.

Accordingly the judgment is reversed for error of law in failing to direct a verdict, and final judgment is

hereby entered for plaintiff in error. It is unnecessary to consider the other assignments of error.

*Judgment reversed and judgment for plaintiff in error.*

LIEGHLEY, P. J., concurs.
LEVINE, J., dissents as to entering final judgment.