THOMIN ET AL., APPELLANTS, *v.* NORWOOD SASH & DOOR MFG. CO., APPELLEE.

(No. 882—Decided November 10, 1944.)

*Mr. William D. Schaeffer* and *Messrs. Williams, Fitton & Pierce,* for appellants.

*Messrs. Baden & Fiehrer,* for appellee.

HILDEBRANT, J. Defendant company, dealing in millwork, lumber and builders' supplies of numerous kinds, entered into a written lease with plaintiff containing the following rental clause, to wit:

"Yielding and paying therefor, during the said term, as rent for each month and for the said premises a sum equal to one and one-half (1½%) of the lessee's gross receipts from the lessee's sales made during such month on said premises * * *."

Plaintiff's claim for rent is disputed as being improperly computed by including sales in the gross receipts not properly coming within the terms of the lease as being made on the premises. At the close of plaintiff's evidence, the court directed a verdict for the defendant and the appeal is here on questions of law from the judgment entered thereon.

An examination of the evidence is, therefore, necessary to a decision herein, in order to determine whether the action of the trial court in directing a verdict was in accordance with the rules laid down in *Hamden Lodge* v. *Ohio Fuel Gas Co.*, 127 Ohio St., 469, 189 N. E., 246, the third and fourth paragraphs of the syllabus of which are as follows:

"Upon motion to direct a verdict the party against whom the motion is made is entitled to have the evidence construed most strongly in his favor. But if upon any essential issue, after giving the evidence such favorable construction, reasonable minds can come to but one conclusion and that conclusion is adverse to such party, the judge should direct a verdict against him.

"Where from the evidence reasonable minds may reach different conclusions upon any question of fact, such question of fact is for the jury. The test is not whether the trial judge would set aside a verdict on the weight of the evidence."

The bookkeeper for both parties testified to performing her duties under the direction of defendant and gave a detailed statement as to the methods of operation of the Hamilton yard, the making of daily, weekly, and monthly reports and as to the breakdown of the various items detailing information as to point from which deliveries were made and other information. Two bank books bearing the legend "Norwood Sash & Door Mfg. Co. Hamilton Yard" were introduced in evidence, and the bookkeeper testified:

"Q. I will ask you to tell me what these are? A. Deposit books.

"Q. Deposit books for what? A. For the money that we took in from the Hamilton yard. * * *

"Q. What was the source of the money that is represented by these deposits? A. That was the money that we took in from what was sold.

"Q. Does this or does this not include the lumber you received from—lumber that was delivered from Norwood? A. It does.

"Q. Includes that? A. Yes.

"Q. In other words, it totals the lumber—the receipts from the lumber that was delivered from Norwood and from Hamilton, that right? A. Yes, sir."

The record further shows defendant had a representative in Hamilton and the territory surrounding the city prior to establishing the Hamilton yard, who continued to work outside the office in much the same manner as before and that sales were made to customers calling at the Hamilton yard in person, telephoning the yard, or telephoning the sales representative an order, or requesting a representative to call, or as a result of voluntary calls by the representative. Deliveries were made both from Norwood and the Hamilton yard, but all such orders were handled through the Hamilton yard and payment made there, and made up all of the monies which went into the bank accounts bearing the legend stated above.

From the above state of the record, and construing the evidence most favorably to the plaintiff, this court finds that reasonable persons might reasonably reach different conclusions as to what sales producing the gross receipts deposited to the account of the Norwood Sash & Door Manufacturing Company, Hamil-

ton yard, were comprehended by the rental clause in the lease.

It was, therefore, error for the trial court to instruct a verdict for defendant at the close of plaintiff's evidence and the judgment in this cause is reversed and the case remanded for further proceedings according to law.

*Judgment reversed.*

Ross, P. J., HILDEBRANT and MATTHEWS, JJ., concur in the syllabus and opinion.