Taft, J.,
 

 dissenting. The evidence, that a period of approximately 1% hours had elapsed since the steps had been observed by an employee of the defendant, does tend to prove that the condition causing the injury
 
 did not exist
 
 1% hours before the plaintiff fell. That evidence, however,
 
 does not
 
 tend to
 
 prove
 
 that that
 
 condition existed
 
 any appreciable time before the plaintiff fell. .
 

 Reasonable minds can probably
 
 infer
 
 that, if the vomit had become dried, it had existed “for
 
 some period of time.”
 
 The question still remains whether, to use the words quoted from
 
 Johnson
 
 v.
 
 Wagner Provision Co., supra,
 
 it “had existed for
 
 a sufficient length of time
 
 reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care. ’ ’
 

 To permit the jury to
 
 infer further,
 
 that such ‘ ‘ some period of time” (necessarily dependent not only on the extent of dryness, as to which the evidence was quite meager, but also on the character of the vomit, as to which there was no evidence) was such a “sufficient length of time,” is to permit the jury to indulge in
 
 *441
 
 pure speculation.
 
 Campbell
 
 v.
 
 F. W. Woolworth & Co.,
 
 117 F. (2d), 152. Cf.
 
 Boles
 
 v.
 
 Montgomery Ward & Co., ante,
 
 381;
 
 Gedra
 
 v.
 
 Dallmer Co., ante,
 
 258;
 
 Sobolovitz
 
 v.
 
 Lubric Oil Co.,
 
 107 Ohio St., 204, 140 N. E., 634;
 
 Hamden Lodge
 
 v.
 
 Ohio Fuel Gas Co.,
 
 127 Ohio St., 469, 189 N. E., 246.