490

SPRINGER et, Plaintiffs-Appellants, v. MITTLEMAN COMPANY, Defendant-Appellee.

Ohio Appeals, Eighth District, Cuyahoga County.

Nos. 22861, 22862. Decided February 11, 1954.

Woodle & Wachtel, Cleveland, for plaintiffs-appellants.

Myron D. Malitz, William H. Rosenfeld and Alfred Palay, Cleveland, for defendant-appellee.

(DOYLE, PJ, HUNSICKER, J, of the 9th District, GRIFFITH, J, of the 7th District, sitting by designation in the 8th District.)

## OPINION

By GRIFFITH, J.

This is an appeal on questions of law from a judgment entered in the Common Pleas Court of Cuyahoga County for the defendant.

The case of Springer, et al., v. The Mittleman Company is an action for damages, the plaintiffs claiming that they were induced by fraud to purchase the assets of the Supreme Suitcase Company, a division of the defendant corporation.

By stipulation, the decision of this case is determinative of Case No. 639908.

There were nine assignments of error set forth by plaintiff-appellant. Three of these assignments, to wit, 1, 7, and 8, have previously been presented by way of briefs and arguments and passed upon by this Court.

The remaining assignments, to wit, 2, 3, 4, 5, 6, and 9, remain for determination.

Aside from the matter of admission and rejection of evidence, the principal issue on this appeal concerns the weight and sufficiency of the

evidence, and the law applicable thereto. The Trial Court made its findings of fact and law, and it is for this Court, from the mass of evidence disclosed by the record, to test the findings of that Court.

The Trial Court's pronouncement of the law applicable to the issues in this case is concise, all inclusive, and correct. As to the findings of fact, we have no difficulty in following that Court.

The Court of Appeals, upon assignment of error involving the weight of the evidence, can reverse the judgment below only when the finding of fact of the Court is so manifestly contrary to the nature and reasonable inference to be drawn from the evidence as to produce a result in complete violation of substantial justice.

"The reviewing court is required to indulge every reasonable presumption in favor of the validity and regularity of the judgment under review, and if there is substantial evidence in the record from which reasonable minds might reasonably draw different conclusions, the judgment must not be disturbed."

**Hellebush et, v. Tischbein Apothecaires, Inc., 54 Oh Ap, 162. Hamden Lodge v. Ohio Fuel Gas Company, 127 Oh St 469, 189 N. E. 246.**

Therefore, finding no merit to assignments 2, 3, 4, 5, 6 and 9, the same are hereby overruled, and the judgment of the Court of Common Pleas is affirmed. Exceptions noted. O. S. J.

DOYLE, PJ, HUNSICKER, J, concur.