Matthias, J.
The record shows that the trial court based its sustaining of defendant’s motion for a directed verdict, made at the conclusion of plaintiff’s case, upon a lack of sufficient evidence by plaintiff as to the existence of negligence on the part of defendant. Thus, the determinative issue herein is whether the trial court erred in concluding that reasonable minds could conclude, from the evidence presented, only that plaintiff had failed to introduce evidence which would support a finding of negligence on the part of the defendant.
“Upon motion to direct a verdict the party against whom the motion is made is entitled to have the evidence construed most strongly in his favor. But if upon any essential issue, after giving the evidence such favorable construction, reasonable minds can come to but one conclusion and that conclusion is adverse to such party, the judge should direct a verdict against him.” (Emphasis added.) Paragraph three of the syllabus of Hamden Lodge v. Ohio Fuel Gas Co., 127 Ohio St., 469, 189 N. E., 246.
“* * * under the usual terms of such a [directed] verdict the reviewable question is whether the trial court erred in finding as a matter of law that reasonable minds could come to but one conclusion regarding a verdict. That is, whether either of the parties failed as a matter of law to make out a prima facie case or defense.” Carter-Jones Lumber Co. v. Eblen, 167 Ohio St., 189, 199, 147 N. E. (2d), 486.
“A prima facie case is one in which the evidence is sufficient to support but not to compel a certain conclusion and does no more than furnish evidence to be considered and weighed but not necessarily to be accepted by the trier of the facts.” Paragraph two of the syllabus of City of Cleveland v. Keah, 157 Ohio St., 331, 105 N. E. (2d), 402.
*578 By the ruling of the trial court, by the printing of only that part of the record relating to the alleged negligence of defendant and by the briefs and argument of counsel, the instant case is limited to the sole question of the legal sufficiency of plaintiff’s evidence as to the element of his case relating to such negligence of the defendant. We mention this only to point up the fact that we are herein considering only the legal sufficiency of one element, or “essential issue,” of plaintiff’s negligence action in order to determine whether he has failed to make out a prima facie case because of a lack of evidence as to such element.
Thus, the ultimate question is whether reasonable minds could differ as to whether plaintiff introduced evidence which is “sufficient.to support but not to compel” a conclusion that the collision occurred as a result of negligence on the part of defendant.
It must lie kept in mind that the burden of proof which is upon the one who asserts may not be overlooked by a court in considering a motion for a directed verdict made by his opponent, merely because of the court’s duty to construe all the evidence and fair inferences which may be drawn therefrom in the asserter’s favor. In other words, in the instant case the burden of proving negligence is on the plaintiff, and such burden may not be overlooked by the mere fact that his evidence must be viewed in the light most favorable to him for the purpose of ruling on the defendant’s motion for a directed verdict.
Plaintiff’s burden of proof as to the alleged negligence of the defendant is established by his amended petition, as follows:
4 4 On March 25, 1954, at about 7:15 a. m. plaintiff was driving his automobile northwesterly on Milford Road; at the junction of the streets described, the light was green for Milford Road traffic and also traffic on Meadowbrook Boulevard. Defendant was operating a bus westerly on Meadowbrook Boulevard and in so doing, ran into the side of plaintiff’s automobile injuring him as hereinafter set forth.
44Defendant was negligent in the following respects:
“1. In that it failed to abate the speed of its vehicle when its agent saw or should have seen plaintiff’s automobile in its path.
*579 “2. In that, through its agent, it failed to-keep a proper lookout for other traffic, particularly the vehicle driyen by plaintiff.
“3. In that it failed to sound a warning to plaintiff when it saw or should have seen him in its path.
“4. In that it failed to divert the course of its vehicle when it saw the automobile driven by plaintiff in its path.” (Emphasis added.)
In order to support his allegations of negligence, plaintiff introduced into evidence three photographs which were completely unidentified except by broad statements of the plaintiff to the effect that, aside from stop or traffic signs, they represented the scene of the accident as it existed at the time of its occurrence. The admission of those photographs was without objection by the defendant.
An exhibit known as “joint exhibit 1,” which is, in the words of plaintiff’s counsel, “a diagram drawn by engineers for Cleveland Transit,” was introduced for the limited purpose “only to show the general locale of the scene of the accident.”
Those exhibits are the only evidence introduced by plaintiff to prove negligence on the part of the defendant, except his own testimony. The import of such testimony with respect to the question at hand may best be judged by the following question and answer elicited on cross-examination:
“Q. Did you ever see the bus before the accident happened? A. No, I never saw the bus before the accident happened.”
Although it is apparent that such a statement made by & plaintiff would not preclude his recovery from a defendant whose negligence is proved by other evidence or by fair inferences from other evidence, it is clear that the negligence of a defendant cannot be predicated upon such a statement standing alone.
Much ado was made in both the trial court and the Court of Appeals as to the existence and effect of various traffic-control devices at the intersection in which the accident occurred. In fact, the judges of the Court of Appeals were in disagreement as to whether one “face” of a certain “traffic light” purported to control traffic on one of two converging .streets, or whether it purported to control traffic on both.
*580 It is apparent to this court, however, that the photographs, unidentified as they are with respect to the time they were taken, the angle from which they were taken and any changes in traffic-control devices between the time of the accident and the time they were taken, do not, in the absence of independent knowledge on the part of the viewer, give a sufficiently clear picture of the complicated and awkward intersection in question to support any inference of fact as to the existence, location and purpose of traffic-control devices, as defined by Section 4511.01 (NN), Revised Code, as of the time of the accident and thus preclude any conclusion as to right of way, as defined by Section 4511.01 (RR), Revised Code. There is a total lack of other evidence which would sufficiently indicate the manner in which traffic at this intersection was controlled at the time of the accident. The engineers’ diagram (joint exhibit 1) can hardly be considered as evidence regarding such question.
Giving the plaintiff full benefit of all doubt and construing the evidence as strongly in his favor as possible, it is clear to this court that the only inference which may be supported by the facts shown is that an accident did, in fact, occur at approximately the time and place alleged in the petition, and that there is general dissention, confusion and a complete lack of evidence as to the location and effect of traffic-control devices at the intersection at the time of the accident, i. e., a complete lack of evidence from which even an inference of negligence on the part of the defendant may be drawn.
The effect of such circumstances is best shown by the following language of Judge Stewart in Parras v. Standard Oil Co., 160 Ohio St., 315, 116 N. E. (2d), 300:
“Where the doctrine of res ipsa loquitur does not apply, in order for an inference to arise as to negligence of a party, there must be direct proof of a fact from which the inference can reasonably be drawn. A probative inference for submission to a jury can never arise from guess, speculation or wishful thinking. The mere happening of an accident gives rise to no presumption of negligence.”
We find that the trial court did not err in its decision that reasonable minds could but conclude that the plaintiff did not introduce evidence sufficient to support a conclusion that the *581 collision occurred as a result of negligence on the part of the defendant, and that that court, in directing a verdict for defendant, did the only thing it could do under the circumstances.
For the reasons herein set out, the judgment of the Court of Appeals is reversed, the judgment of the Common Pleas Court is affirmed, and final judgment is rendered for defendant.

Judgment reversed and final judgment for defendant.

AVeygandt, C. J., Zimmerman, Stewart, Taet, Bell and Herbert, JJ., concur.