Per Curiam.

Plaintiff contends that the sole issue in the case is the application of the doctrine of res ipsa loquitur and argues that this rule, which has been applied to auto, train and airplane accidents, should, when the essential elements of the doctrine are present, be applied to boating accidents.
In answer to this contention, the defendant takes the position that the doctrine of res ipsa loquitur should not apply to this boating accident for the reason that he was not in exclusive control of the boat because the medium (the river) controlled, to a larger degree, the operation of the boat.
It is not necessary for the court to determine this question.
This court is of the opinion that the plaintiff, in her petition, pleads negligence on the part of the defendant, and that it can be reasonably said that the allegations of negligence are supported by evidence tending to prove the alleged specifications of negligence. The evidence, when construed most strongly in favor of the plaintiff, is such that reasonable minds may reasonably reach different conclusions or draw different inferences therefrom. Hamden Lodge v. Ohio Fuel Gas Co., 127 Ohio St., 469, 189 N. E., 246; Durbin v. Humphrey Co., 133 Ohio St., 367, 14 N. E. (2d), 5.
Upon the allegations of the petition and the evidence in the record, the Common Pleas Court was in error in rendering judgment for the defendant.
The judgment of the Court of Appeals is reversed and *134 the cause remanded to the Common Pleas Court for further proceedings.

Judgment reversed and cause remanded

Weygandt, C. J., Zimmerman, Taet, Matthias, Craweord, O’Neill and Grieeith, JJ., concur.
Craweord, J., of the Second Appellate District, sitting by designation in the place and stead of Herbert, J.