MEYERS, APPELLANT, *v.* THE KROGER CO. ET AL., APPELLEES.

(No. 7080—Decided May 7, 1963.)

*Mr. Henry Clay Scott,* for appellant.
*Messrs. Porter, Stanley, Treffinger & Platt* and *Mr. John H. Leddy,* for appellees.

DUFFY, P. J.  Plaintiff, appellant herein, brought an action against the defendants, appellees herein, claiming that they conspired to slander him and to have him discharged from his employment.  This case came on for trial before the judge and the jury, and at the conclusion of plaintiff's evidence, the defendants moved for a directed verdict.  The court sustained the motion and directed the jury to return a verdict in favor of the defendants.

From a judgment entered on the verdict, the plaintiff has appealed to this court and has assigned as error the following:

"1. In admitting defendant's exhibits 1, 2, and 3 into evidence over plaintiff's objection.

"2. In sustaining defendant's motion for a directed verdict at the conclusion of plaintiff's case."

As to assignment of error No. 1, the three exhibits of the defendants were identified during the cross-examination of the plaintiff, and the plaintiff contends that they went solely to the defendants' alleged affirmative defense of truth. The plaintiff does not contend that the exhibits were not properly identified and properly used by the defendants in the cross-examination of the plaintiff, but rather that the court erred in the admission of the exhibits into evidence during the presentation of the plaintiff's case. We think it is clear that the acceptance of the exhibits at any stage of the trial lies in the sound discretion of the court, and that assignment of error No. 1 was not prejudicial and is not well taken.

As to assignment of error No. 2, the evidence indicates that a prior employer made the alleged slanderous statements to the present employer of the plaintiff. In the course of his employment, the plaintiff was servicing the stores of his former employer, and a complaint arose as to the condition of the product. The former employer allegedly told the present employer that because of an experience which occurred while the plaintiff was in their employment, they had reason to question the honesty of the plaintiff. A reading of the record fails to show that any of the defendants made an untruthful statement to anyone concerning the plaintiff, or that they made any statement which was inconsistent with good business practice or improper as between two business firms with which the plaintiff was directly concerned. There is nothing in the record from which anyone could conclude that there was harassment of the plaintiff or any annoyance of the plaintiff in his employment.

The motion for a directed verdict at the end of the plaintiff's case called for the trial court to construe the evidence most strongly in the plaintiff's favor. It would appear that the trial judge, after having considered the facts, came to the conclusion that there was no evidence of slander, and therefore no evidence of a conspiracy to slander, and no invasion of the right of privacy, and the court properly directed a verdict against this plaintiff. See *Hamden Lodge* v. *Ohio Fuel Gas Co.*, 127 Ohio St., 469; *Tanzi* v. *New York Central Rd. Co.*, 155 Ohio St., 149; and *Hood, a Minor,* v. *New York, Chicago & St. Louis Rd. Co.*, 166 Ohio St., 529.

The judgment of the trial court will be, and hereby is, affirmed.

*Judgment affirmed.*

BRYANT and DUFFEY, JJ., concur.