(No. 7269—Decided June 25, 1963.)

*Mr. Charles R. Andrews,* for appellants.
*Messrs. Sebastian, Fais & Durst,* for appellees.

TROOP, J.  This appeal is from a judgment for the defendants in the trial court, appellees in this court, entered following a directed verdict by the Court of Common Pleas of Franklin County.  At the close of the plaintiffs' case, defendants moved for a directed verdict which was sustained.  A motion for a new trial was overruled, from which decision plaintiffs appeal on questions of law.

On April 16, 1960, at about 8:30 p. m., one of the defendants was driving west on Long Street in the city of Columbus and struck and fatally injured Deborah Brittman, seven-year-old daughter of plaintiffs.  Deborah was running across Long Street on an angle from south to north at the time of her injury. The accident occurred between Taylor and Burt Streets.  It was dark, and the headlights were lighted on the automobiles moving on the street.  The deceased child and her smaller brother came out from between cars on the south side of Long Street and ran rapidly, on an angle, toward the north curb, passing in front of an eastbound car, the small brother stopped at the center line, and Deborah continued on into the path of the oncoming westbound car, driven by defendant Evans.

Plaintiffs rely upon but one assignment of error, that the trial court erred in directing a verdict for the defendants at the

close of the plaintiffs' evidence and in overruling the plaintiffs' motion for a new trial.

Plaintiffs set out five specifications of negligence in their amended petition, but in oral argument and the brief counsel relies upon three specifications as having been established sufficiently by the evidence presented to raise a question for the jury. The three set out in the brief are as follows:

1. That defendant drove his automobile at an excessive speed—in excess of forty miles per hour.

2. That defendant failed to keep a lookout ahead.

3. That defendant failed to divert the course of his automobile to avoid striking Deborah Brittman.

A careful inspection of the record fails to disclose any testimony indicating a speed above the prima facie speed for the area, although the posted speed is not too clearly established. There is even less direct testimony to indicate that defendant did not keep a lookout or that he could, under the circumstances, swerve his car either direction to avoid the accident.

The rule in Ohio is clear. It is well stated in 52 Ohio Jurisprudence (2d), 620, Section 121, as follows:

"* * * before the judge is required to send the case to the jury, there should be in evidence something substantial from which a reasonable mind can draw a logical deduction, but if reasonable minds can reach only one conclusion, the jury should not be allowed to speculate upon the matter, * * *."

As intriguing as the ingenious chart and formula presented by counsel in oral argument and brief may appear, the direct evidence revealed in the record leaves the basic assumptions used in the formula without foundation. The examination of the record urges a review of the basic rules set out in *Hamden Lodge* v. *Ohio Fuel Gas Co.* (1934), 127 Ohio St., 469, which decision furnishes the precedent for many other subsequent decisions.

The case before us falls well within the situation to which the court makes reference, at page 482, in language, as follows:

"But to say that the court must send the case to the jury whenever there is any evidence, no matter how slight, which tends to support a party's claim, is, in extreme cases, to permit the jury to play with shadowy and elusive inferences which the logical mind rejects. Before the judge is required to send the

case to the jury, there should be in evidence something substantial from which a reasonable mind can draw a logical deduction. If reasonable minds may draw different inferences, or reach different conclusions, a jury question is presented. But, if reasonable minds can reach only one conclusion, the jury should not be allowed to speculate upon the matter. To do so is to allow them the opportunity of returning a wholly unreasonable verdict."

There is no "substantial" evidence contained in the record to support the plaintiff's allegations of negligence. The claim of error is not well taken, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BRYANT and DUFFEY, JJ., concur.