Matthias, J.
This appeal involves a contest between appellant and appellee for priority of liens upon the land of defendant Speer. Appellee makes his claim by virtue of a writ of execution issued on August 14, 1959, on a cognovit judgment. Appellant’s claim arises from a certificate of judgment filed with the clerk on August 26, 1959.
All defendants joined in a motion for summary judgment and, on order of the trial court, filed a joint stipulation of facts and simultaneous briefs. The joint stipulation provides that its contents will be “the sole evidence to be introduced by any and all parties hereto, in complete determination of the issues made by the pleadings herein.”
It is not disputed that the property in question was bound by the lien of appellant from the time of the filing of its certificate of judgment, or that the lien of appellee, if valid, was prior in time. The question for our determination is whether appellee obtained a valid lien upon the land of defendant Speer.
*413 The statutory authority for obtaining a judgment lien without filing a certificate of judgment is found in Section 2329.03, Revised Code, which reads as follows:
“Lands and tenements of a judgment debtor shall be bound with a lien for the satisfaction of any judgment of any court of general jurisdiction * * * without the filing of the certificate provided for in Section 2329.02 of the Revised Code, from the time when the same are seized in execution * * *.”
Under this section, there is no lien until the land is “seized in execution.” Thus the property of defendant Speer would not be bound by the lien of appellee unless the sheriff levied upon it.
In paragraph 9 of her answer, defendant Speer admits the claim of appellee and also that execution was made upon her real-property interest. However, the stipulated facts contradict this allegation. The sheriff did not levy execution upon the property but returned the writ on account of prior liens.
The stipulation contains the following statement: “It is further stipulated by and between the parties that the claim of defendant Robert E. Potts is based upon a writ of execution issued in case No. 205,691 on the dockets of this court, wherein said Robert E. Potts was plaintiff and Jo Anne J. Speer was defendant; that said writ of execution was issued on August 14,1959 * # *; that said execution was issued against the above-described real estate and the interest of Jo Anne J. Speer therein; and that the return of the sheriff thereon states:
“ ‘This writ returned on account of prior liens.’ ” According to the stipulated facts, a writ of execution was issued, but the land of defendant Speer was not seized in execution as required by Section 2329.03, Revised Code, in order to obtain a lien without filing a certificate of judgment.
An unsupported allegation in the pleadings is not sufficient to require a denial of a summary judgment. The main purpose of the summary judgment statute is to enable a party to go behind allegations in the pleadings and assess the proof in order to see whether there is a genuine need for trial. Section 2311.041(D) specifically provides:
“* * * When a motion for summary judgment is made and *414 supported as provided in this section, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.”
In the instant case, defendant Speer alleges in her answer that execution on the judgment of appellee was made on her real property. However, the stipulated facts show that this did not happen. ' Thus, the apparent issue disclosed by the pleadings, as to the lien of appellee, was shown to be nonexistent by the stipulated facts. Since there was no genuine issue of fact, summary judgment should have been entered against appellee.
This is especially true where, as here, an agreed statement of facts has been submitted. It has been said that, “when the facts are thus agreed upon, the result is in the nature of a special verdict or a special finding of fact, and the only function of the court is to apply the law to the facts so placed before it.” Knowlson v. Bellman, 160 Ohio St., 359, paragraph three of the syllabus. The court has no duty to check into such facts to see whether they are true.
The Court of Appeals, in its opinion, stated, as follows, a criterion for refusing summary judgments:
“Where there is the slightest doubt as to the facts, the motion for summary judgment does not lie.”
The General Assembly set forth, as follows, the correct test in subsection (B) of Section 2311.041, Eevised Code:
“* * * A summary judgment shall not be rendered unless it appears * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made.* * *”
The proper test is the “reasonable minds test” enunciated by this court as to directed verdicts in Hamden Lodge v. Ohio Fuel Gas Co., 127 Ohio St., 469. Since this test is specified in the statute, the use of the “slightest doubt test” is erroneous.
We conclude, therefore, that, on the basis of the stipulated facts, reasonable minds could come to but one conclusion, and that is that the sheriff failed to do all that was required by Sec *415 tion 2329.03, Revised Code, to perfect the lien of appellee. The judgment of the Court of Appeals is, therefore, reversed.

Judgment reversed.

Taft, C. J., Zimmerman, O’Neill, Griffith, Herbert and Gibson, JJ., concur.