Rosenstiel, Appellant, *v.* Weigel, Appellee.*

(No. 9130—Decided September 4, 1962.)

*Messrs. Waite, Schindel, Bayless & Schneider,* for appellant.

*Messrs. Rendigs, Fry & Kiely,* for appellee.

Hildebrant, J. This is an appeal on questions of law in a suit to recover damages for personal injuries sustained in a collision between defendant's Chevrolet automobile and an emergency vehicle, to wit, a fire truck, being operated by the plaintiff, at the intersection of Galbraith Road and Miami Road in Hamilton County, Ohio.

—————
*Motion to certify the record overruled (37865), March 13, 1963.

Plaintiff, accompanied by one Osborne, was driving the fire truck south on Miami Road in response to a fire alarm, with the privilege of proceeding through the intersection against a red traffic light, providing he did so in accordance with the provisions of Section 4511.03 of the Revised Code.

Defendant was driving his Chevrolet automobile west on Galbraith Road in a lawfully marked thirty-five mile per hour zone with a green traffic light, according him the privilege of proceeding uninterruptedly through the intersection, providing he was proceeding in a lawful manner in accordance with the operative traffic code.

At the close of plaintiff's case, on motion of defendant to arrest the evidence from the jury and enter judgment for defendant, and after argument of counsel, the court stated the legal question to be: "we are concerned with whether or not the testimony adduced on behalf of the plaintiff raises an inference of negligence on his part," and found: "The evidence is quite clear that plaintiff did not bring himself within the provisions of Section 4511.03. Under these circumstances, I hold that reasonable minds could not but conclude that the plaintiff was guilty of contributory negligence."

In considering the motion the court, without determining the weight of the evidence or the credibility of the witnesses, was required to construe the evidence most strongly in favor of the plaintiff and, if there was substantial evidence to support plaintiff's case upon which reasonable minds might reach different conclusions, to deny the motion. In the landmark case of *Hamden Lodge* v. *Ohio Fuel Gas Co.*, 127 Ohio St., 469, the rule is stated in paragraph four of the syllabus:

"Where from the evidence reasonable minds may reach different conclusions upon any question of fact, such question of fact is for the jury. The test is not whether the trial judge would set aside a verdict on the weight of the evidence."

The court here must have necessarily found that reasonable minds could not differ but that plaintiff failed to comply with Section 4511.03 of the Revised Code and hence was guilty of contributory negligence as a matter of law.

Section 4511.03, Revised Code, provides:

"The driver of any emergency vehicle, when responding to an emergency call, upon approaching a red or stop signal or

any stop sign shall slow down as necessary for safety to traffic, but may proceed cautiously past such red or stop sign or signal with due regard for the safety of all persons using the street or highway.''

Plaintiff testified that he was driving the six- to seven-ton, 25- to 26-foot long fire truck south on Miami Road in responding to a fire alarm, at approximately twenty-five miles per hour, with both car lights flashing, the light atop the siren flashing, and the siren sounding at its loudest and full pitch, approaching the Galbraith Road intersection; that at a point 150 to 175 feet from Galbraith Road the traffic light changed to red against plaintiff; that he looked both ways on Galbraith Road and no traffic was visible; that at a point approximately 100 feet from the intersection he took his foot off the gas pedal, which immediately started slowing or retarding the truck by reason of the compression of the motor, the truck being equipped with the conventional clutch and gear shift, so that his speed was reduced to approximately twenty miles per hour at the intersection; and that at a point approximately sixty feet from the point of impact he saw defendant's car for the first time at a point approximately 150 to 200 feet west of the intersection on Galbraith Road, approaching at a terrific rate of speed. (The witness Osborne, who corroborated plaintiff in every detail, estimated the speed of defendant's car to be sixty miles per hour.)

On cross-examination, plaintiff testified:

''Q. Now then, after you saw the red light you did not apply your brakes, did you, sir? A. I had my foot off the accelerator to retard speed.

''Q. As soon as you saw the red light you took your foot off the accelerator to retard speed? A. As we drew near the intersection.

''Q. How near the intersection? A. Within 100 feet.

''Q. And that was before you had seen the defendant's car? A. That was.

''Q. Did you keep your foot off the accelerator from that point on? A. I did that.

''Q. From that point, 100 feet away from the intersection, you say you kept your foot off the accelerator? A. Yes.

''Q. Did your speed slow down? A. It continues on its own impetus and gradually slows.

"Q. What was your speed when you reached the intersection? A. 20 miles an hour or less.

"Q. At no time did you apply your brakes? A. I did not have the opportunity.

"Q. You did not apply your brakes when you saw the red light? A. I did not have to because the motor retarded the speed enough.

"Q. But you did not apply it? A. I did not apply it.

"Q. And you did not apply it after you saw the defendant's car approaching? A. I tried to at that time but there was not enough time.

"Q. You were then 60 feet from the point of impact? A. Approximately 60 feet from the point of impact.

"Q. And you say you did not have time to apply the brakes in that 60 feet? A. I did not have time to apply the brakes.

"Q. That was because of your reaction time to the situation? A. It was because the car was approaching so fast it hit us before I applied the brake.

"Q. At 20 miles per hour your car continued on some 60 feet and then you were struck by the defendant's car, is that right?

"Mr. Schneider: I object.

"(Question last preceding read to the witness.)

"A. At approximately 20 miles an hour.

"Q. From the time you first saw the defendant's car, which I believe you said was 150 or 175 feet away from the intersection on Galbraith Road, could you continue to see the car up to the point of impact? A. I could not see it at the point of impact, no.

"Q. No. Let me put it this way. Could you continue to see it from the point where you saw it until it reached Miami Avenue? A. From most of the distance for I directed my attention to my own truck trying to manage it.

"Q. If you had continued to look you could have continued to see it, is that right? A. Almost up to the time it would have hit the truck.

"Q. For how long a distance coming toward Miami Road on Galbraith did you observe the defendant's car in feet? A. In feet?

"Q. Yes, sir. A. The better part of 100 feet.

"Q. So for the better part of 100 feet you saw him approaching Miami Road on Galbraith? A. For the better part of 100 feet.

"Q. Then you looked down at your own equipment and lost sight of him momentarily, is that right? A. I lost sight of him momentarily."

On re-direct examination, plaintiff testified as follows:

"Q. Was the motor of your truck at the time and immediately instantaneously before impact, was it pulling the truck, was there operative power or was it slowing down? A. Retarding the truck.

"Q. Did that continue at all times after you took your foot off the accelerator? A. The retarding continues when you take your foot off the accelerator.

"Q. May I ask you to estimate in seconds, if you will, please, how many seconds it was from the time you saw Mr. Weigel's automobile until the impact of the collision? A. I would judge about two seconds."

The witness Weed testified to hearing the siren in the kitchen of her home located some two-tenths of a mile from the intersection.

The exhibits reveal the fire truck skidded into the curb a distance of some fifty-eight feet from the point of impact and, according to plaintiff and the witness Osborne, made a three-quarter turn over on its side, top and side, and defendant's car smashed in front and turned completely around facing the east, the direction from which it came. Both plaintiff and the witness Osborne testified the defendant's car struck the fire truck at a point just back of the driver's position in the cab. The fair inference from the exhibits is that defendant did not comply with the provisions of Section 4511.45 of the Revised Code and that his speed was excessive.

On this state of the record, did the plaintiff, driver of the emergency vehicle, "slow down as necessary for safety to traffic" and proceed cautiously "with due regard for the safety of all persons using the street or highway"?

In passing on the matter, the trial court said:

"This means that on approaching the signal, the driver of the emergency vehicle must first slow down as necessary for safety to traffic and then, and only then, may proceed cautiously

past the red light with due regard for the safety of all persons using the streets or highways.

"In this case the plaintiff did not slow down at all, even after he saw the defendant's car. He says that he took his foot off the accelerator when the light turned red, but he did not touch his brakes and he did not slow down. He continued at the same speed from a point 150 feet from the intersection when the light facing him turned red until the time of the impact."

The court's statement that "he [plaintiff] did not slow down at all" and that "he continued at the same speed from a point 150 feet from the intersection * * * until the time of impact," is contrary to the record and the testimony of both the plaintiff and witness Osborne. The trial court seems to have attached undue significance to plaintiff's statement that he did not apply his brakes, and overlooked his explanation that he used the compression of the motor to slow him down according to his judgment as necessary.

It, therefore, appears the plaintiff has been denied that favorable interpretation of his evidence to which he was entitled.

From this court's careful examination of the record, it feels reasonable minds might very well differ as to whether plaintiff acted in accordance with the provisions of Section 4511.03, Revised Code, and, therefore, that a jury question is presented.

The judgment, therefore, is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

Long, P. J., and Keefe, J., concur.