{¶ 3} I concur with the majority's opinion and the result they reach in this case. I write separately, however, because neither the parties nor the majority refers to R.C. 4511.03, which states as follows:
4511.03. Emergency vehicles to proceed cautiously past red or stop signal
BLOCK (A) The driver of any emergency vehicle or public safety vehicle, when responding to an emergency call, upon approaching a red or stop signal or any stop sign shall slow down as necessary for safety to traffic, but may proceed cautiously past such red or stop sign or signal with due regard for the safety of all persons using the street or highway.
See, Peoples v. Willoughby (1990), 70 Ohio App.3d 848,592 N.E.2d 901 (There was sufficient evidence to support a finding of willful and wanton misconduct when a police officer proceeded at a high rate of speed through an intersection without sounding his siren); Rosenstiel v. Weigel (1962), 117 Ohio App. 383,184 N.E.2d 772, (Emergency vehicles must proceed cautiously past a red signal "by slowing down as necessary for the safety of all persons using the street or highway."); Neely v. MifflinTownship, (Sept. 30, 1996), Franklin App. No. 96APE03-283.
 {¶ 4} In the case at bar, not only is there a genuine issue of material fact remaining on the question of whether the officer's siren and lights were on, but there is also a question about whether he was operating his vehicle in conformity with R.C. 4511.03 when he approached the intersection of Park East and SOM Center roads.
 {¶ 5} In the motion for summary judgment, Officer Blubaugh stated he was traveling at "45-50" mph. Defendants' Exhibit marked "Solon Accident Report #02-00378" which was appended to defendants' Motion for Summary Judgment indicated the intersection was marked by a stop sign. The posted speed limit is 25 mph. The question of whether the officer acted willfully or wantonly by traveling twenty to twenty-five miles beyond the posted speed limit should be answered by the jury.
 {¶ 6} Accordingly, the trial court erred because defendants, as the moving parties, have not satisfied their initial burden of proof pursuant to Civ.R. 56.