HODGE, A MINOR, ET AL., APPELLEES, *v.* MAYES, APPELLANT.

[Cite as Hodge v. Mayes (1971), 27 Ohio App. 2d 49.]

(No. 9970—Decided May 25, 1971.)

*Messrs. Schwenker, Reeves & Langley,* for appellees.
*Messrs. Williams, Murray, Deeg & Ketcham,* for appellant.

REILLY, J. This is an appeal on questions of law from a determination of the Common Pleas Court rendered October 29, 1970, by which the motions of plaintiffs, Ruth Hodge, Arthur Hodge and Doria Lynn Hodge, appellees herein, for judgment notwithstanding the verdict of the jury were sustained, and a judgment entered against the defendant, appellant herein, on a question of liability. Further, defendant appeals the finding of the trial court that the verdicts of the jury were against the manifest

weight of the evidence and the conditional sustaining of the motions of plaintiffs for a new trial in the event of the reversal of the judgment granting the motion for judgment notwithstanding the verdict.

An accident occurred at the intersection of Oakwood Avenue and Newton Street in the city of Columbus, November 24, 1966, at approximately 11:45 p. m. Oakwood Avenue runs north and south and Newton Street runs east and west. There are no traffic control lights or signs at this intersection. The streets were dry, and the intersection well lighted. Plaintiff Doria Lynn Hodge was driving north on Oakwood, and defendant west on Newton. Defendant had the right of way at the intersection if he was driving lawfully.

Plaintiff Ruth Hodge, Doria's mother, was riding in the front seat as a passenger. The 1960 Chevrolet in which they were riding was owned by plaintiff Arthur T. Hodge, Doria's father and Ruth's husband. Defendant was driving a 1965 Ford automobile.

Defendant asserts two assignments of error. The first is as follows:

"The court erred in overruling the motion of the defendant, George Lee Mayes, made after all the evidence had been offered, requesting the court for an order to withdraw the case of the plaintiff, Daria [*sic*] Lynn Hodge, from the consideration of the jury and direct a verdict in her case in favor of the defendant."

The trial court, in overruling defendant's motion, made the following statement:

"It is obviously the duty of every driver, at all times, to exercise ordinary care, however whether or not he exercised ordinary care in this specific case of a driver on your right, left of center, is a question upon which the court feels reasonable minds could reach different conclusions and in construing the evidence more favorably for the plaintiff, the court must rule that there is a jury question to determine in regard to that, and the court will overrule the motion."

We find such statement is correct as it applies to the

facts of the case. Doria Lynn Hodge testified on direct examination as follows:

"Q. Now, Miss Hodge, calling your attention to the intersection of Oakwood and Newton, can you tell us, explain what occurred at that intersection?

"A. After turning off of Livingston, making a right turn onto Oakwood, traveling north on Oakwood, I was traveling about fifteen miles per hour and that was because I was approaching the corner which was Newton, so at the corner, I stopped. While I was stopped I could see the north half of Newton, and I didn't see anything coming, so, I have an automatic-shift car that takes a little while to accelerate so I pushed in a little hard and it went about three feet out in the intersection, and all of a sudden I see a flash of lights, and at this time I knew the car was—I knew it was a car that had just like flashed, and I hadn't got out, actually all the way of the—into the intersection, and from then on I was in the hospital."

She testified on cross-examination as follows:

"Q. How long did you remain stopped at this intersection before you proceeded ahead?

"A. Approximately three or four seconds.

"Q. Three or four seconds?

"A. Uh-huh.

"Q. And how much of that time was devoted to looking to the right?

"A. All of it.

"Q. So you sat there three or four seconds looking to the right, down Newton?

"A. To the right and to the left.

"Q. All right. And when you did, you did see Mr. Mayes' car, is that correct?

"A. That is correct.

"Q. And then I believe you started into the intersection. Where were you going as you started into the intersection?

"A. As I started into the intersection, of course, I was going straight.

"Q. You were going straight ahead north on Oakwood.

"Now, as I understand your testimony, you had moved a few feet and then there was a flash of lights, and then the impact?

"A. Uh-huh."

There was no testimony by defendant.

The general rule of law applicable to the above fact pattern is stated in paragraph 5 of the syllabus of *Morris* v. *Bloomgren* (1933), 127 Ohio St. 147, at page 148 as follows:

"The driver of a vehicle lawfully approaching from the right has the right to assume that the driver of the vehicle approaching from the left will obey the law by yielding the right of way. If however the former, just as he is approaching or entering the intersection, discovers that the latter is not yielding the right of way and has thereby placed himself in a perilous situation, it becomes the duty of the former to use ordinary care not to injure the latter after becoming aware of his perilous situation."

An accepted axiom is noted in the case of *Willard* v. *Fast* (1944), 75 Ohio App. 225, at page 229, to wit:

"* * * Few men and fewer women are good judges of relative speeds and distances. Sight is far from being infallible as human experience teaches. Let us assume, as is here claimed, that the driver on the right, who would have the statutory preferential right if he were approaching in a lawful manner, is actually approaching in an unlawful manner. * * *"

Thus, we find the trial court was correct that "reasonable minds could reach different conclusions" and that he properly construed the evidence more favorably to plaintiff. Accordingly, defendant's first assignment of error is not well taken.

Defendant advances assignment of error number two, as follows:

"The Court erred in granting the motion for judgment non obstante veredicto filed by the plaintiffs, and the conditional sustaining of the motion for a new trial in the event the judgment on the motion for judgment non obstante veredicto is reversed."

Counsel for plaintiffs at the conclusion of the trial made the following motion, which was overruled:

"Now comes the Plaintiffs and moves the Court for an order pertaining to the Plaintiff, Doria Lynn Hodge, to instruct the Jury that the Defendant was negligent as a matter of law, and the same motion applies to the other two Plaintiffs, but the motions are made separately."

Then the trial court charged the jury that they determine the preponderence of the evidence and evaluate the credibility of the witnesses, together with the facts and circumstances surrounding the testimony. Whereupon, eleven members voted to render verdicts for the defendant. They applied the court's instructions to the evidence, which was their prerogative.

Accordingly, defendant's second assignment of error, concerning judgment notwithstanding the verdict, is well taken.

The trial court's conditional granting of a new trial presents a different issue. Paragraphs 1 and 3 of the syllabus in *Rohde* v. *Farmer* (1970), 23 Ohio St. 2d 82, state the following:

"1. Where a trial court is authorized to grant a new trial for a reason which requires the exercise of a sound discretion, the order granting a new trial may be reversed only upon a showing of abuse of discretion by the trial court.

"3. There is a basic difference between the duty of a trial court to submit a case to the jury where 'reasonable minds' could differ and the right of a trial court to grant a new trial on the basis of its conclusion that the verdict is not 'sustained by sufficient evidence.' The former does not involve any *weighing* of evidence by the court; nor is the court concerned therein with the question of credibility of witnesses. However, in ruling on a motion for new trial upon the basis of a claim that the judgment 'is not sustained by sufficient evidence,' the court must weigh the evidence and pass upon the credibility of the witnesses, not in the substantially unlimited sense that such weight and credibility are passed on originally by the jury but in the

more restricted sense of whether it appears to the trial court that manifest injustice has been done and that the verdict is against the manifest weight of the evidence."

Judge Leach, in the opinion, wrote at page 93:

"In appraising this action of the trial court, it is important to distinguish between the granting of a new trial and the entering of a judgment notwithstanding the verdict. *As to the former, the trial court is indeed endowed with a wide latitude of discretion in granting a new trial when he thinks the jury's verdict results in manifest injustice.* * * * " (Emphasis added.)

The trial court weighed the evidence and passed upon the credibility of the witnesses to determine whether an injustice was done. The court, in its decision, wrote: "Accordingly, the court finds that the verdicts were against the manifest weight of the evidence and the motion for a new trial is conditionally sustained in the event the judgment upon the motion for judgment is reversed." We find this ruling was correct and distinguishable from a directed verdict. The court is authorized to direct a verdict only where, after construing the evidence most strongly in favor of the party against whom the motion is directed, it finds that upon any essential issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party. (*Hamden Lodge* v. *Ohio Fuel Gas Co.* (1934), 127 Ohio St. 469.)

Therefore, the judgment of the trial court in overruling defendant's motion for a directed verdict is affirmed; the judgment notwithstanding the verdict is reversed; and the judgment of the trial court upon the motion for a new trial is affirmed.

The case is remanded to the trial court for further proceedings in accordance with this decision.

*Judgment accordingly.*

Holmes, J., concurs.

Troop, P. J., concurring in the judgment. I concur in the order remanding this cause for further proceedings

according to law, but only because the majority could not be persuaded to affirm the trial court's judgment for the plaintiffs notwithstanding the verdict.

A trial court is entitled to weigh the evidence when passing upon a motion for judgment notwithstanding the verdict (*Rohde* v. *Farmer, supra*), which the court obviously did in this case. An examination of the record clearly supports the conclusion of the court that the verdict was "not sustained by any evidence and is contrary to law."

The sustaining of plaintiffs' motion for judgment notwithstanding the verdict should have been affirmed.